No. 16,185.

WALFORD *v.* THE HERALD PRINTING AND PUBLISHING COMPANY.

LIBEL.—*Defamatory Language.*—*How Construed.*—*Ordinary and Natural Meaning.*—*Innuendoes can not Enlarge the Meaning.*—In an action for libel the language complained of must be given its natural and ordinary sense, and when the ordinary sense of the language charges the plaintiff with having fraudulently procured a large sum of money and notes, and the innuendoes allege that the publication charges the plaintiff with an attempt to commit a robbery, the innuendoes can not enlarge the natural and ordinary sense of such language.

SAME.—*Answer in Justification.*—*Sufficiency of.*—In an action for libel, an answer in justification is sufficient if it contains the substance of the matter sought to be justified, and which constitutes the sting of the charge, and such answer need not go farther than the charge.

From the Bartholomew Circuit Court.

*W. J. Beck,* for appellant.

*G. W. Cooper, C. B. Cooper* and *W. W. Lambert,* for appellee.

HACKNEY, J.—The question presented by the record and argument of counsel is the sufficiency of the appellee's answer in justification of the libel pleaded in appellant's second paragraph of complaint. In the lower court a demurrer to this answer was overruled, appellant excepted, refused to plead further, and has appealed from the judgment of the court upon such ruling.

It is earnestly contended that the justification does not plead facts from which the court can hold the entire charge to be true.

The substance of the publication complained of is that a Mrs. Snyder, who was possessed of property and means of great value, was a member of the church of which the appellant was a minister, and she was believed by many to be of unsound mind, she being of a "peculiar temperament," and "there being in the family a strong taint of insanity;" that—in the absence of her husband—the appellant, with others, visited her at her home; that, in approaching the house, they hid out their vehicles, and, when in the house, they closed the doors and drew down the blinds "to prevent suspicion, from persons passing, that any wrong was being accomplished," and remained there five hours; that by strong persuasion, and other means not so reputable, they induced her to make over to them, for the benefit of a certain college, twenty thousand dollars in cash and notes; that on the next morning they presented, at the bank, a check by Mrs. Snyder, for two thousand dollars, when "the disreputable game got its first set-back," from the refusal of the banker to pay the check, until the drawer's mental condition could be judicially determined; that lawyers had been retained and steps taken to "head off the confidence men," and that there existed general "*indignation over this attempt to rob the woman of her property, and on all sides the contemptible instruments of the confidence game are being soundly denounced.*"

The answer affirms the truth of the matter published,

substantially in the language of the publication, excepting the part thereof which we have italicized, and, as to that part of the charge, the answer proceeds as follows:

"That the friends of Mrs. Snyder, and the public generally, were indignant at plaintiff's actions set forth, and said actions were ridiculous and dishonest, and rendered plaintiff the subject of public criticism and censure, and defendant says that the words charged in the complaint are true."

The appellant insists that the publication, in the language above italicized, charges him with an attempt to rob Mrs. Snyder of her money and notes, and that the answer is insufficient for its failure to allege facts which would constitute an attempt to commit robbery.

We can not concur in this view of the question. The libel does not charge the commission of the crime of robbery, and if the appellant's cause of action rested upon a charge of crime against him by the appellee, his complaint would be insufficient. The gist of the charge complained of is that the appellant fraudulently secured from Mrs. Snyder a large sum in money and notes, by imposing upon her confidence in him as a minister of the gospel in her chosen church, and in taking advantage of her mental weakness by undue persuasion.

Taking the publication in all of its parts, it is manifest that no reader could conclude that the appellant had taken the notes and money *forcibly*, by *violence*, or *putting in fear;* therefore, the elements essential to the crime of robbery are absent from the conduct of the appellant, as published. The publication, after detailing numerous acts of which it charged the appellant, drew from them an unwarranted conclusion in characterizing them as "*this attempt to rob* the woman of her property."

It is true that the complaint, by innuendo, alleges that the publication charged the appellant with an attempt to commit robbery; but, as we have said, the language of

the publication does not reasonably bear such construction, and the innuendo may not enlarge the natural and ordinary sense of the language used. See *Pollock* v. *Hastings*, 88 Ind. 248, and authorities there cited.

"The construction to be put upon any language spoken or written must be that which is consistent with the whole of the speech or writing. Thus the language of any part of a writing is to be construed with reference to the entire writing, and the language of any part of an oral discourse is to be construed with reference to the entire discourse. Hence, words which, standing alone, would be actionable, may not be actionable when taken in connection with their context." Townshend on Slander and Libel, page 175, section 137.

Having reached the conclusion that the publication did not include a charge that the appellant had attempted robbery, there can be no reasonable claim that the answer should have pleaded facts which, if true, would have established that crime.

The justification need be no broader than the charge. In the case of *Heilman* v. *Shanklin*, 60 Ind. 424 (442), this court quotes, with approval, from section 215 of Townshend on Slander and Libel, as follows:

"A justification on the ground of truth need not go further than the charge, and it is sufficient to justify so much of the defamatory matter as is actionable, or so much as constitutes the sting of the charge. It is unnecessary to repeat and justify every word of the alleged defamatory matter; it is sufficient if the substance of the libelous charge be justified."

For the reasons given, we conclude that the court below committed no error in overruling the demurrer to the answer of the appellee.

The judgment is affirmed at the costs of the appellant.

Filed January 5, 1893.