ELIZABETH A. RUTHERFORD *vs.* ETTA M. PADDOCK.

Worcester.   November 20, 1901. — January 3, 1902.

Present: HOLMES, C. J., KNOWLTON, LATHROP, HAMMOND, & LORING, JJ.

*Slander*, Justification.

In an action for slander in calling a married woman a dirty old whore, a justification is not made out by proof that before the words were spoken the plaintiff had committed adultery, if the jury find that the words meant more than a charge of adultery.

TORT FOR SLANDER.   Writ dated June 14, 1900.

The declaration alleged that the plaintiff was a married woman, and that the defendant "publicly, falsely and maliciously charged her with the crime of adultery by words spoken of the plaintiff substantially as follows: ' Take that, you (meaning the

plaintiff) dirty whore. You (meaning the plaintiff) are a dirty old whore, and I can prove it. You are, and I can prove it.'"

The answer denied the allegations in the declaration, and pleaded justification as follows: "If it shall be proved that the defendant spoke and published of the plaintiff the words as alleged in the declaration, and charged the plaintiff with the crime of adultery as therein alleged, the same were true, and the plaintiff had, before said words were spoken and published, committed the crime of adultery, so that the defendant's accusation was true."

· At the trial in the Superior Court, before *Pierce*, J., there was evidence in support of the plea of justification tending to show that the plaintiff had committed adultery on two or three different occasions with the same person before the words were spoken. There was no evidence of special damage.

The defendant requested the judge to rule as follows:

"The words as alleged in the declaration are actionable without proof of special damage only because they charge the plaintiff with or impute to her the commission of a crime, — the crime of adultery. The defendant therefore justifies if she proves that before the words were spoken the plaintiff had committed the crime of adultery. It is not necessary for her to prove, in order to justify, the full truth of the words spoken, i. e. that the plaintiff was a whore in the ordinary acceptation of the word, if she proves that the defendant had committed the only crime which those words import, to wit, the crime of adultery."

The judge refused to rule as requested, and left the case to the jury in the manner stated in the opinion of the court.

The jury returned a verdict for the plaintiff in the sum of $750; and the defendant alleged exceptions.

*G. S. Taft*, for the defendant.

*J. R. Thayer, A. P. Rugg & S. B. Taft*, for the plaintiff.

HOLMES, C. J. This is an action of tort brought by a married woman for calling her a dirty old whore. We repeat the qualifying adjectives as bearing on what we have to say. At the trial the defendant asked for a ruling that a justification was made out by proof that before the words were spoken the plaintiff had committed adultery. The judge refused so to rule, but left it to the jury to decide in what sense the words were used

and instructed them that the justification must be as broad as the charge. On this ground the judge further instructed them that proof that the plaintiff had committed adultery at some time would not be a justification, if, that is to say, the jury should be of opinion that the words meant more than the charge of the act on a single occasion, and imported, for instance, making merchandise of the plaintiff's person for hire. The defendant excepted.

No special reference was made to the pleadings in the request or ruling, and so we lay on one side the fact that the justification pleaded followed the innuendo of the declaration, which went little or no further than to aver that the defendant charged the plaintiff with the crime of adultery. See *Simmons* v. *Mitchell*, 6 App. Cas. 156, 162; *Haynes* v. *Clinton Printing Co.* 169 Mass. 512, 515. Of course the judge was right in his instruction that the justification must be as broad as the charge. Apart from the pleadings, clearly the jury were at liberty to find that the words charged the commission of adultery on more than one occasion, and therefore the ruling requested was wrong.

But as a general rule the justification need be no broader than the charge in a legal sense, — than the actionable portion or significance of the words. It need not extend to the further abuse with which a sentence or word may be loaded, where the truth of the substance of the imputation has been made out. *Morrison* v. *Harmer*, 3 Bing. N. C. 759, 767. *Edwards* v. *Bell*, 1 Bing. 403, 409. The judge by suggesting that usually the epithet carried the notion of hire implied that if that meaning were found the justification must extend to that. There is no doubt that the jury were warranted in finding that the epithet with its adjectives meant more and worse in a social sense than even repeated lapses from conjugal faith. But it would be rather a stretch to say, and it was not argued, that they could have found that any other crime was charged, for instance that of being a common night walker or a lewd, wanton and lascivious person in speech or behavior under Pub. Sts. c. 207, § 29. Therefore the question is suggested whether we are to confine the cause of action to so much of the charge as imports criminal conduct, or are to recognize as an element to be included in the

justification such further import of the word as adds to the heinousness of the crime and possibly affects the degree of the punishment, although it does not change the technical character of the offence.

If we take the former view we follow to its extreme results a tradition of the common law the reasons for which have disappeared, and which has been corrected in England and in some of our States by statute. Odgers, Libel and Slander, (3d ed.) 90. By the old law, apart from an allegation of special damage an action lay in the spiritual courts only, because the offence charged was dealt with only in the spiritual courts and it was said that therefore the spiritual courts alone could determine the truth of the charge. Y. B. 27 Hen. VIII. 14, pl. 4. Perhaps it would have been simpler to say that originally the whole jurisdiction was ecclesiastical and that it was retained by the church except in those instances where for special reasons the common law had encroached. In Coke's time the state of the law seems to have been accounted for or justified by treating such charges as "brabling words." *Oxford* v. *Cross*, 4 Rep. 18. But see *Ogden* v. *Turner*, 6 Mod. 104, 105; *Graves* v. *Blanchet*, 2 Salk. 696; *Davis* v. *Sladden*, 17 Oregon, 259, 262, 263. It has been suggested that the taking by the common law courts of a portion of the original ecclesiastical jurisdiction over slander started from the fact that in the cases where the common law interfered the matter charged was the subject of a common law writ and that the principal matter drew to it the accessory. In such cases the common law courts best could determine the truth of the charge. 6 Am. Law Rev. 593, 595, 603, 605. Of course at that stage the common law could not present a systematic scheme of liability but only examples of occasional interference which seemed merely arbitrary when the explanation was lost.

At the present day, when slander is fully domiciled in the common law as a tort and the only remedy recognized as a remedy must be found in the common law courts, it may be argued with some force that there should be an effort after consistency of theory and that the remedy for one of the greatest wrongs that can be done by words should not be distorted by the necessity of referring it to the liability to a small fine or imprisonment if the falsehood were true. The older law already has

been broken in upon by holding liability to a trivial punishment enough if the crime involves moral turpitude, or if the punishment will bring disgrace. See *Miller* v. *Parish*, 8 Pick. 384; *Brown* v. *Nickerson*, 5 Gray, 1. Compare *Turner* v. *Ogden*, 2 Salk. 696, *S. C.* 6 Mod. 104; *Onslow* v. *Horne*, 2 Wm. Bl. 750, 753, *S. C.* 3 Wils. 177, 186; *Holt* v. *Scholefield*, 6 T. R. 691, 694; *Eure* v. *Odom*, 2 Hawks, 52. At all events, so long as the action for slander is preserved and lies for imputing unchastity to a woman, it is so reasonable to hold the liability coextensive with the imputation that we shall not be more curious than our predecessors in finding an arbitrary and technical limit. In *Doherty* v. *Brown*, 10 Gray, 250, 251, it was said by a very able judge, and said as a material part of the reasoning on which the case was decided, that proof of the unchastity of the plaintiff would not be a justification of the charge that she was a whore. We are content to take the law as we find it stated. See *Cleveland* v. *Detweiler*, 18 Iowa, 299; *Sheehey* v. *Cokley*, 43 Iowa, 183; *Peterson* v. *Murray*, 13 Ind. App. 420.

*Exceptions overruled.*