### KEMBLE & MILLS OF PITTSBURGH v. KAIGHN et al.

(Supreme Court, Appellate Division, First Department    March 12, 1909.)

1. LIBEL AND SLANDER (§ 81*) — WORDS ACTIONABLE — VIOLATION OF PENAL STATUTE—PLEADING.

An alleged libelous statement by defendant that plaintiff bribed defendant's solicitor to give plaintiff a list of defendant's clients did not charge a violation of Pen. Code, § 384r, as added by Laws 1905, p. 225, c. 136,

---

making it a misdemeanor to give an agent a gift without his principal's consent with intent to influence the agent's conduct in the principal's business, where it was not alleged that the bribery occurred in New York or after the passage of the act.

[Ed. Note.—For other cases, see Libel and Slander, Dec. Dig. § 81.*]

2. LIBEL AND SLANDER (§ 89*) — WORDS ACTIONABLE — TENDING TO INJURE BUSINESS—CORPORATIONS.

A business corporation may maintain libel without alleging special damage only where the language concerning it is libelous in itself, and necessarily and directly occasions pecuniary injury, and a complaint charging only that defendant stated that plaintiff corporation bribed one of defendant's solicitors to give plaintiff a list of defendant's clients, though libelous per se as against an individual, did not show any direct pecuniary injury to plaintiff so as to be libelous without allegations of special damages.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 213, 214; Dec. Dig. § 89.*]

Houghton, J., dissenting.

Appeal from Special Term, New York County.

Action by Kemble & Mills of Pittsburgh against George S. Kaighn and another. From an interlocutory judgment overruling a demurrer to the complaint, defendants appeal. Reversed, and demurrer sustained, with leave to amend.

Argued before INGRAHAM, McLAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Louis H. Porter, for appellants.
William H. Ford, for respondent.

INGRAHAM, J. This action is by a corporation organized under the laws of the state of West Virginia and carrying on the business of mercantile collections at various places in the United States of America, including the state of New York, and the defendants are copartners in business. The complaint alleges that the defendants published a libel by sending a letter to one William S. Turner of Cincinnati, Ohio, and for which it asked to recover damages. The letter contained a charge that the plaintiff has bribed one of the defendants' solicitors, who was an expert accountant and who has been going over the defendants' books, and had given to the plaintiff a list of the defendants' clients and their solicitors, and had been going around to the defendants' people "putting in the usual knock," and containing further charges against the solicitor who, it is alleged, was bribed. The only statement relating to the plaintiff is that it has bribed one of the defendants' solicitors, and the question is whether such a statement about a corporation is libelous per se. There is no innuendo alleged, nor is it stated that this bribery took place in the state of New York after the passage of Pen. Code, § 384r, as added by chapter 136, p. 225, Laws 1905, so that a violation of that act was charged. We have therefore a published statement that a corporation had bribed the solicitor of a firm engaged in business in the state of New York. The question is whether that is such a libel as will sustain an action by the corporation without the allegation of special damage.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

It is now settled in this state that a corporation engaged in business may maintain an action for libel without allegation and proof of special damage where the language used concerning it is defamatory in itself, and injuriously and directly affects its credit and necessarily and directly occasions pecuniary injury. Union Associated Press v. Heath, 49 App. Div. 247, 63 N. Y. Supp. 96; N. Y. Bureau of Information v. Ridgway-Thayer Co., 119 App. Div. 339, 104 N. Y. Supp. 202; Reporters' Ass'n v. Sun Printing & Pub. Ass'n, 186 N. Y. 437, 79 N. E. 710. In the latter case Judge Gray says "a corporation has the right to maintain an action of libel when the publication assails its management or credit, and inflicts injury upon its business or property"; that there has been some dispute in the cases as to the necessity of setting out the specific damage which a corporation claims to have suffered from a libelous publication; that the better rule is that such an averment is not necessary when the language is of so defamatory a nature as to directly affect credit and to occasion pecuniary injury. A corporation thus having no character to be affected by libel, and no feelings to be injured, to be libelous per se, the article must be such as directly to affect the credit or property of the corporation and to occasion it pecuniary injury; and, unless such is the necessary result of the publication, to sustain the action the corporation must allege special damage. It is only where the court can see that, by reason of the nature of the publication, direct pecuniary injury will naturally flow from the publication, that the action can be maintained without the allegation that such damage has actually resulted from the publication; the principle, as I understand it, being that, as a corporation can only be injured by an act which causes it pecuniary damage, the publication, to be actionable, must either from its nature be such that its publication would cause such pecuniary injury, or else the complaint must allege that the publication of itself did cause such damage, specifying it so as to bring it within the rules relating to the allegation of special damage. This article complained of makes no charge against the plaintiff as to the conduct of its business. It contains no reflection upon its method of conducting its business or that can affect its property or credit. It undoubtedly charges the plaintiff with an act which would be injurious to the character of a private individual, for I assume that the charge that a private individual had bribed the employé of a business firm would be libelous per se; but it cannot be said that because a statement, if made relating to an individual, would affect his private character, it would when relating to a corporation necessarily affect its business, credit, or property. It certainly cannot be assumed that any of the plaintiff's customers would have withdrawn their relation with it because it was said that it had bribed the employé of a business firm. It is not even alleged that the plaintiff and the defendant are engaged in the same business, nor is any fact alleged which would show that such a statement would have a tendency to cause the plaintiff to lose its customers, or to interfere with its business. It is a bald statement that a corporation has been guilty of an act which, if applied to an individual, would have been disgraceful and libelous, but without any attempt

of innuendo or special allegation to show that such a statement relating to a corporation can have any effect on its business, its credit, or its property. It not appearing, therefore, upon the face of the complaint, that this publication directly affects the credit or occasions pecuniary injury to the plaintiff, I do not think that the action can be maintained without an allegation of special damage.

The judgment should be reversed, with costs, and the demurrer sustained, with costs, with leave to the plaintiff to serve an amended complaint within 20 days on payment of costs in this court and in the court below.

McLAUGHLIN, CLARKE, and SCOTT, JJ., concur.

HOUGHTON, J. (dissenting). The plaintiff is a corporation, and brings this action against the defendants for the publication of a libel, alleging in its complaint general damages only. The defendants demurred on the ground that the complaint did not state facts sufficient to constitute a cause of action, and, from a judgment overruling such demurrer, they appeal.

The material part of the libel contained in a letter alleged to have been written by defendants reads as follows:

"We regret to state that Kemble & Mills [the plaintiff] have bribed one of our solicitors, who is an expert accountant, and who has been going over our books, and the contemptible cur has given them a list of all of our clients, and their solicitors have been going around to our people putting in the usual knock, and then our man follows up their call by being lukewarm in backing us up, or if necessary actually admits what Kemble & Mills' man has said. * * * A man who will allow himself to be bribed is, in our opinion, nothing but a liar and a thief, and will go to any extent. We suppose our books will be lied about."

The question presented is whether or not these words are libelous per se, and whether the complaint states a good cause of action in favor of the plaintiff corporation without alleging special damages. A corporation has the right to maintain an action for libel when the publication assails its management or credit and inflicts injury upon its business or property. Unlike an individual, it has no character to be affected by a libel, but its right to be protected against false and malicious statements affecting its credit or property is beyond question. When the language complained of is of so defamatory a nature as to directly affect credit and occasion pecuniary injury, an averment as to special damages is not necessary. Reporters' Association v. Sun Printing & Pub. Ass'n, 186 N. Y. 437, 79 N. E. 710. Technically speaking, bribery is the giving of something of value to a public official to influence his official acts. The Legislature, through the Penal Code, has broadened its application, and extended it to individuals acting as jurors and witnesses, and by section 384r has made it a misdemeanor for any one to give or offer or promise to an agent, employé, or servant any gift or gratuity with intent to influence his action in relation to his principal's or employer's business. The popular understanding of the word "bribery" or "to bribe" is broader, and includes the de-

bauching and corrupting of any individual by inducing him through money or its equivalent to do something contrary to his duty either as trustee, agent, or servant, and, popularly speaking, has long included the matters specified in the section of the Penal Code last referred to. It is regarded by all men as a dishonorable and corrupt act, and wholly contrary to fair and honest dealing. A business man known to be guilty of bribery and debauching the servants and agents of his rivals, business associates, and customers would very probably be shunned by the business community. Confidence in business methods and integrity constitutes a very large share of business credit.

If the plaintiff corporation was charged with a crime which a corporation could unquestionably commit, allegations of special damages would be unnecessary because such a charge would be libelous per se. If a corporation can be convicted of the crime of advertising to practice medicine under a statute prohibiting "any person" who is not a registered physician from so doing, as was held by the Court of Appeals in People v. Woodbury Inst., 192 N. Y. 554, 85 N. E. 697, it is difficult to see why a corporation may not be guilty of violating section 384r of the Penal Code by giving to an agent or servant of another something of value to influence his action in relation to his principal's or master's business. The word "whoever," as used in that section, has no different significance than the term "any person," and the reasoning in the Woodbury Case is as applicable to the one as the other. No great proof of intent to influence the acts of the servant toward his master would be necessary, for the intent would be inferred from the fact of giving and the circumstances under which the gift was made. A corporation could give under the same circumstances as an individual and for the purpose of influencing the servant to its own business advantage the same as an individual.

If it be assumed, however, that a corporation is incapable of committing the crime of bribery, or of committing the misdemeanor specified in section 384r of the Penal Code with reference to giving gratuities to servants and agents for the purpose of influencing their conduct toward their masters and principals, still it would seem that the charging of a corporation with so corrupt and dishonorable business methods as to bribe and debauch the servant of another to give it secret information concerning the master's business, and refuse to explain or prevaricate concerning his master's affairs, must necessarily affect and injure its credit and its business standing. This court held in Town Topics Pub. Co. v. Collier, 114 App. Div. 191, 99 N. Y. Supp. 575, that an article charging that a corporation was engaged in blackmail was libelous per se and that special damages therefore need not be alleged; and in Union Associated Press v. Heath, 49 App. Div. 247, 63 N. Y. Supp. 96, that it was libelous per se to charge a corporation with having tapped a rival's telegraph wires for the purpose of obtaining news. These decisions are based upon the fact that the charge published assailed the business methods of the corporation, and thereby necessarily affected its credit and standing.

The libel in the present case comes within the same rule, and the demurrer was properly overruled, and the interlocutory judgment

should be affirmed, with costs, with leave to the defendants to withdraw· their demurrer and serve an answer upon the payment of costs in this court and in the court below.