## BODINE v. TIMES-JOURNAL PUB. CO.

No. 456. Opinion Filed March 8, 1910.

Rehearing Denied Sept. 27, 1910.

(110 Pac. 1096.)

1. **LIBEL AND SLANDER—Defenses — Justification.** A plea of justification in an action for libel to be a defense requires great certainty of averment and must justify the sting of the very charge alleged; it is not permissible to set up a charge of the same general nature but distinct as to the particular subject.

2. **LIBEL AND SLANDER—Questions of Law.** Where the language of an alleged libel is clear and unambiguous, and the facts are uncontroverted with reference to whether or not it was libelous or its publication privileged, on a trial the questions so presented are of law for the court and not of fact for the jury.

(Syllabus by the Court.)

*Error from District Court, Oklahoma County; G. W. Clark, Judge.*

Action by Thomas J. Bodine against the Times-Journal Publishing Company. Judgment for defendant, and plaintiff brings error. Reversed and remanded for new trial.

*J. H. Grant* and *E. G. McAdams,* for plaintiff in error.
*Shartel, Keaton & Wells,* for defendant in error.
Briefs did not reach the reporter.

DUNN, C. J. The plaintiff in error, Thomas J. Bodine, sued the Times-Journal Publishing Company in the district court of Oklahoma county for libel for and on account of the publication of the following articles:

"Some Police Court News. Before Judge Hayson. Tom Bodine hit a man while in a trance. Other cases. * * * Tom Bodine soaked W. M. Thompson in the eye 'unbeknownst to himself.' He and Thompson were standing at the bar in Hrabe's saloon last Sunday evening and suddenly, without any provocation, nor without any knowledge of committing the act, he knocked Thompson down. As a matter of fact, Thompson looked it. Some-

thing had certainly got next to his 'peepers.' Both were black. All Bodine would say was: 'I don't remember a thing that happened. I don't even know I was in the saloon.' His honor said he was positive that something of the kind had taken place, so $10.00 was assessed on Bodine."

Defendant answered by stating that the publication was true and correct in substance and in fact except that the said Bodine assaulted and beat the said Thompson in Thompson's real estate office in Oklahoma City, instead of in the saloon as stated, and that the striking was not done by said Bodine while in a "trance" and without his knowldege, and the said Bodine was fined $5 and the costs, instead of $10. There were then pleaded certain facts in mitigation, and also that the publication constituted a fair and true report of the judicial proceedings had in police court of Oklahoma City, hence was privileged. A trial was had to a jury, which resulted in a verdict for the defendant. A motion for new trial was filed, which was overruled, and the case has been regularly brought to this court for review

On no material question of fact in the case is there any dispute, and the publication grew out of the following circumstances: On Monday, April 17, 1905, Bodine went to the office of Thompson, had an altercation with and assaulted him. He then appeared before the police court of Oklahoma City, pleaded guilty to the assault, and was fined $5 and the costs. The reporter of the defendant corporation, who undertook to write the doings of the police court, made notes of Bodine's appearance and plea along with the fine. These notes became mixed with certain other notes which he had taken with reference to another matter and other people which involved an account of an assault which took place in a saloon, and in amplifying on these facts, as is seen, there was unintentionally published of Bodine the above matter.

Under section 2338 of the Compiled Laws of Oklahoma of 1909, libel is a false, unprivileged publication by writing which exposes any person to public hatred, contempt, ridicule, obloquy,

etc.   Section 2340 of the same statutes provides that a privileged publication is one made. "(3) by a fair and true report of any judicial or other proceeding authorized by law, or anything said in the course thereof, and any and all expressions of opinion in regard thereto," etc.   To our minds it is too clear for argument that the report made of the judicial proceedings which took place in the police court was not fair and true, hence the same could not be deemed privileged.   The charge made will be understood by the court just as it would naturally and generally be understood by all others.   *Walford v. Herald Printing & Publishing Co.,* 133 Ind. 372, 32 N. E. 929.   Under it there was published of plaintiff that while in a trance, which doubtless would be understood when the peculiar stage-setting shown is considered, that he was drunk to the extent of being insensible to his surroundings, and that while in this condition on Sunday evening in a saloon, without any provocation, he knocked a man down, and that his mental condition was such that he testified that he did not know what happened and that he did not even know that he was in a saloon.   Under the facts, this part of the publication was not privileged, is not justified in any way whatsoever, and this was the serious portion of the published article.   It could not be held to be justified by proof showing that at some other time and place the plaintiff had struck Thompson.   The justification of an article, libelous in character, in order to be a defense, must be as broad as the charge. *Dowie v. Priddle,* 216 Ill. 553, 75 N. E. 243; *Hay v. Reif,* 85 Mich. 296, 48 N. W. 507; *Rutherford v. Paddock,* 180 Mass. 289, 62 N. E. 381, 91 Am. St. Rep. 282, to which is an extended note; *Sharpe v. Stephenson,* 34 N. C. 327; *Powers v. Skinner,* 1 Wend. (N. Y.) 451; *Jarnigan v. Fleming,* 43 Miss. 710, 5 Am. Rep. 514; *Torrey v. Field,* 10 Vt. 353; *Burford v. Wible,* 32 Pa. 95.   The rule above stated finds expression in the case of *Dowie v. Priddle, supra,* as follows:

"A plea of justification in an action for libel requires great certainty of averment and must justify the very charge alleged,

and it is not permissible to set up a charge of the same general nature but distinct as to the particular subject."

The language used in this article was clear and unambiguous, and the facts in reference to the question of whether it was privileged were uncontradicted, and in such cases it is the duty of the court to determine the construction of the language and whether it is privileged, as well as whether it is libelous and actionable *per se.* 13 Ency P. & P. pp. 105, 107; 25 Cyc. 547; Blashfield, Instructions to Juries, § 37; *Moore v. Francis et al.,* 121 N. Y. 199, 23 N. E. 1127; 8 L. R. A. 214, 18 Am. St. Rep. 810; *Brewer v. Chase,* 121 Mich. 526, 80 N. W. 575, 46 L. R. A. 397, 80 Am. St. Rep. 527; *Mauk v. Brundage el al.,* 68 Ohio St. 89, 67 N. E. 152, 62 L. R. A. 477; *Sheibley v. Ashton,* 130 Iowa, 195, 106 N. W. 618; *Smith v. Stewart,* 41 Minn. 7, 42 N. W. 595; *McAllister v. Detroit Free Press Co.,* 76 Mich. 358, 43 N. W. 431, 15 Am. St. Rep. 318. Hence it was error for the court to submit to the jury the question of whether the article was privileged; and to refuse to declare as a matter of law on the proposition of its being libelous *per se.*

For these reasons the cause is reversed and remanded for a new trial.

All the Justices concur.