(February 17, 1914.)

THE PACIFIC PACKING COMPANY, a Corporation, Appellant, v. THE BRADSTREET COMPANY, a Corporation, and LESLIE L. LONG, Respondents.

[139 Pac., 1007.]

COMMERCIAL AGENCY REPORTS—PUBLICATION OF LIBELOUS MATTER—SUFFICIENCY OF COMPLAINT—MERCANTILE AGENCY REPORTS NOT PRIVILEGED.

1. Language in the report of a mercantile agency as follows, "The Pacific Packing Company has been sued in the superior court of Los Angeles county, California, by the Pacific Fruit Auction Company for the sum of $230,000.00 for money advanced," if false and maliciously made, is libelous and therefore actionable, without alleging in the complaint any other than general damages.

2. The publication of a false report by a mercantile agency to its patrons, to the effect that a company with but $50,000 capital had been sued for $230,000 on account of "money advanced," can have no other result than that of casting doubt and suspicion on the financial standing of such company and consequently injuring its business.

3. The report of a mercantile agency to its patrons on the credit and financial standing of a business concern is not a privileged communication. One who conducts the business of selling information concerning the affairs of others is responsible for the consequences of his acts, and liable in damages for the publication of libelous matter.

4. *Held*, that under the liberal rule of pleading adopted in this state, the demurrer to the complaint in this case should have been overruled, as the allegations of the complaint are sufficient to put the defendant corporation on its defense.

APPEAL from the District Court of the Third Judicial District for Ada County. Hon. Carl A. Davis, Judge.

Action to recover damages from the defendant for alleged publication of libelous matter as a commercial agency. Demurrer to complaint sustained by lower court. Plaintiff appealed. *Reversed.*

Wood & Driscoll, for Appellant.

An allegation of publication of libel to third persons without naming them is always sufficient. (*Waistel v. Holman,* 2 Hall (N. Y.), 193; Townshend on Libel and Slander, p. 555, sec. 324; *Wilcox v. Moon,* 63 Vt. 481, 22 Atl. 80; *Hamilton v. Lowery,* 33 Ind. App. 184, 71 N. E. 54; *Sun Life Assur. Co. v. Bailey,* 101 Va. 443, 44 S. E. 692, 693; *Penry v. Dozier,* 161 Ala. 292, 49 So. 909; *Morgan v. Black,* 132 Ga. 67, 63 S. E. 821.)

Where the words are libelous per se, no damages need be alleged. (*Dunn v. Maier,* 82 Fed. 169, 172, 27 C. C. A. 100.)

"Published words, whether written or oral, are actionable if they directly tend to the prejudice or injury of anyone in his profession, trade or business. . . . . " (25 Cyc. 326.)

"The law guards most carefully the credit of all merchants and traders. Any imputation on their solvency, any suggestion that they are in pecuniary difficulties, or attempting to evade the operation of any bankruptcy act is therefore actionable per se." (Odgers on Libel and Slander, p. 66; *Jones v. Littler,* 7 Mees. & W. 423, 10 L. J. Ex. 171; *McKenzie v. Denver Times Pub. Co.,* 3 Colo. App. 554, 34 Pac. 577; *Hayes v. Press Co.,* 127 Pa. 642, 14 Am. St. 874, 18 Atl. 331, 5 L. R. A. 643; *Smith v. Bradstreet Co.,* 63 S. C. 525, 41 S. E. 763; *Sewall v. Catlin,* 3 Wend. (N. Y.) 292; *Maldonado & Co. v. Yglesias,* 154 App. Div. 520, 139 N. Y. Supp. 102; *Minter v. Bradstreet Co.,* 174 Mo. 444, 73 S. W. 668; *Evans v. Harries,* 1 Hurl. & N. 251, 26 L. J. Ex. 31; *Ratcliffe v. Evans,* 61 L. J. Q. B. 535, 2 Q. B. (1892) 524, 66 L. T. 794, 40 W. R. 578; *Weiss v. Whittemore,* 28 Mich. 366; *Trenton Mut. Life etc. Ins. Co. v. Perrine,* 23 N. J. L. 402, 57 Am. Dec. 400; *Moore v. Rolin,* 89 Va. 107, 15 S. E. 520, 16 L. R. A. 625; *Wright v. Coules,* 4 Cal. App. 343, 87 Pac. 809.)

No privilege, not even a qualified one, attaches to such communications, whether made to patrons or otherwise. (*MacIntosh v. Dunn,* L. R. App. Cas. (1908) 390, 2 British Ruling Cases, 203; *Douglass v. Daisley,* 114 Fed. 628, 52 C. C. A. 324, 57 L. R. A. 475.)

Richards & Haga and McKeen F. Morrow, for Respondents.

An article written concerning a corporation is not libelous *per se* unless the necessary result of the publication of the language used, without proof of extrinsic facts, is to affect the financial standing of the corporation and cause it pecuniary loss. (Rev. Codes, sec. 6737; 25 Cyc. 337, 341; *Newbold v. J. M. Bradstreet & Son,* 57 Md. 38, 40 Am. Rep. 426; *Fry v. McCord,* 95 Tenn. 678, 33 S. W. 568; *Memphis Tel. Co. v. Cumberland Tel. & Tel. Co.,* 145 Fed. 904, 76 C. C. A. 436; *Warner Instrument Co. v. Ingersoll,* 157 Fed. 311; *Kemble & Mills v. Kaign,* 131 App. Div. 63, 115 N. Y. Supp. 809.)

The language alleged to have been used by respondents must be construed in its natural and ordinary sense. (25 Cyc. 341; *State v. Sheridan,* 14 Ida. 222, 234, 93 Pac. 656, 15 L. R. A., N. S., 497.)

When so construed it does not necessarily import lack of honesty or integrity, want of credit, or insolvency, and is therefore not actionable without proof of special damages. (*Giacona v. Bradstreet Co.,* 48 La. Ann. 1191, 20 So. 706; *Newbold v. J. M. Bradstreet & Son, supra; N. S. Sherman Machinery Co. v. Dun,* 28 Okl. 447, 114 Pac. 617; *Woodruff v. Bradstreet Co.,* 116 N. Y. 217, 22 N. E. 354, 5 L. R. A. 555; *Bradstreet Co. v. Oswald,* 96 Ga. 396, 23 S. E. 423; *Victor Safe & Lock Co. v. Deright,* 147 Fed. 211, 77 C. C. A. 437, 8 Ann. Cas. 809; *Douglass v. Daisley,* 114 Fed. 628, 638, 52 C. C. A. 324, 57 L. R. A. 475.)

Where it is necessary to resort to an innuendo to show that the language used is libelous, such language is not actionable *per se,* and special damage must be alleged. (*Chiatovich v. Hanchett,* 88 Fed. 873, 876; *Morrison v. Dean* (Tex. Civ. App.), 104 S. W. 505.)

The communication alleged to have been libelous is shown by the complaint to have been sent to patrons of respondent company, who were interested in the publication, and it was therefore privileged. (*Hubbard v. Cowling,* 36 Okl. 603, 129 Pac. 714, 715; *Trussell v. Scarlett,* 18 Fed. 214; *Locke v. Bradstreet Co.,* 22 Fed. 771, 773; *Sunderlin v. Bradstreet Co.,* 46

N. Y. 188, 7 Am. Rep. 322; *Ormsby v. Douglas,* 37 N. Y. 477; *Rotholz v. Dunkle,* 53 N. J. L. 438, 26 Am. St. 432, 22 Atl. 193, 137 L. R. A. 655; *State ex rel. Lanning v. Lonsdale,* 48 Wis. 348, 4 N. W. 390; *Erber v. Dun,* 12 Fed. 526, 4 Mc-Crary, 160; *Bradstreet Co. v. Gill,* 72 Tex. 115, 13 Am. St. 762, 9 S. W. 753, 2 L. R. A. 405.)

AILSHIE, C. J.—This action was instituted for the recovery of damages caused by the publication of an alleged libel of and concerning the plaintiff by the defendant. The trial court sustained a demurrer to the complaint, and a judgment of dismissal was thereupon entered, and this appeal was prosecuted from the judgment.

The complaint alleges the corporate existence of the plaintiff and defendant and that it was duly authorized to conduct business in the state of Idaho and that it was engaged in business in Ada, Canyon and Washington counties, and alleged that the defendant, the Bradstreet Company, was engaged in the state of Idaho and in the counties of Ada, Canyon and Washington, in furnishing for a valuable consideration reports and information concerning the credit and financial standing and rating of business men and corporations engaged in business and commercial transactions, and it is alleged that Leslie L. Long was its managing officer, agent and representative in the state of Idaho.

Paragraphs 5, 7, and 8 and a part of 9 are as follows:

"That acting as such agent, and in the scope of his employment as such agent for the said defendant, the Bradstreet Company, and in behalf of the Bradstreet Company, and in the transaction of the aforesaid business of the said defendant, the Bradstreet Company, the said defendant Long on or about the 23d day of September, 1912, maliciously, wantonly, recklessly and well knowing the premises, did write, compose and publish in the aforesaid counties of Ada, Canyon and Washington in the state of Idaho, to its patrons, and among the said growers and packers of fruit in said counties, whose names are unknown to plaintiff, concerning and in

reference to this plaintiff and the credit, financial and business standing of this plaintiff, certain words in writing, and plaintiff is informed and believes, and hence, on information and belief, alleges, that the tenor of the said words was as follows, to wit: The Pacific Packing Company has been sued in the superior court of Los Angeles county, California, by the Pacific Fruit Auction Company for the sum of $230,000 for money advanced, and the plaintiff alleges that the said words were read by the said patrons, and the said growers and packers of fruit. . . . .

"Plaintiff further alleges that the defendant, Leslie L. Long, and the said defendant, the Bradstreet Company, meant to convey and communicate to the said third parties to whom the words hereinbefore set forth were published, that the plaintiff was not financially sound, solvent and responsible, and was not able to pay all its financial obligations, and was not worthy of credit, and that the said words were so understood by the said parties to whom they were published.

"Plaintiff alleges that the said words were false; and plaintiff further alleges that the plaintiff is, and at all times herein mentioned was financially sound, solvent and responsible, and that the plaintiff is, and at all times herein mentioned was, able to pay its financial obligations, and the plaintiff, at all times herein mentioned, was worthy of credit.

"That prior to the publication of the words set forth in paragraph five, the plaintiff corporation was engaged in the business of marketing fruit in Ada, Canyon and Washington counties, Idaho, as the agent of such growers and packers of fruit in the said counties as desired to employ the plaintiff; that the fruit packing and marketing season of 1912 was the first season in which the plaintiff company had been engaged in the said business in the aforesaid counties, and in preparation for the transaction of its business for the said season and the introduction of its business in the new field consisting of the counties aforesaid, plaintiff had advertised its said business extensively in the said counties and had sent its agents among the said growers and packers of fruit in said

counties, to solicit business and establish the reputation and goodwill of its said business, and as a result of plaintiff company's said efforts, and prior to the said publication, the plaintiff company had created a valuable asset for itself in the form of goodwill for itself among the growers and packers of fruit in said counties and in the form of a good reputation for solvency and financial reliability among said growers and packers.''

It is claimed by the appellant that a publication which is made ''maliciously, wantonly and recklessly and which is false and untrue,'' stating and charging that an individual or company ''has been sued in the superior court of Los Angeles county of California by the Pacific Fruit Auction Co. in the sum of $230,000 for money advanced,'' is of itself actionable, and that it is the duty of the court to take judicial knowledge of the fact that such a statement has the direct effect of injuring and damaging the individual or corporation concerning which it is published. The respondent, on the other hand, insists and the trial court agreed with it, that such a publication is not *per se* libelous and that no recovery could be had without alleging special damages. Respondent cites many authorities in support of its contention, among which the following are the most important: *Newbold v. J. M. Bradstreet & Son,* 57 Md. 38, 40 Am. Rep. 426; *Fry v. McCord,* 95 Tenn. 678, 33 S. W. 568; *Memphis Telephone Co. v. Cumberland Tel. & Tel. Co.,* 145 Fed. 904, 76 C. C. A. 436; *Warner Instrument Co. v. Ingersoll,* 157 Fed. 311; *Kemble & Mills v. Kaighn,* 131 App. Div. 63, 115 N. Y. Supp. 809; *Bodine v. Times-Journal Pub. Co.,* 26 Okl. 135, 110 Pac. 1096, 31 L. R. A., N. S., 147; *N. S. Sherman Machinery Co. v. Dun,* 28 Okl. 447, 114 Pac. 617; *Bradstreet Co. v. Oswald,* 96 Ga. 396, 23 S. E. 423; *Victor Safe & Lock Co. v. Deright,* 147 Fed. 211, 77 C. C. A. 437, 8 Ann. Cas. 809; 25 Cyc. 337. The general purport of the foregoing authorities is stated by the text of the last citation (25 Cyc. 337) as follows:

''Every wilful and unauthorized imputation, spoken, written, or printed, which imputes to a merchant, manufacturer, or other business man, conduct which is injurious to his char-

acter and standing as a merchant, manufacturer, or business man, is libelous or slanderous as the case may be. But to be actionable without proof of special damages, the words must contain an imputation such as is necessarily hurtful in its effect upon plaintiff's business and must touch him in his special trade or occupation. . . . .

"The law carefully guards the credit of merchants, traders and business men, and oral or written words imputing to them insolvency, bankruptcy or want of credit are actionable *per se,* the rule applying to anyone to whom credit is important in the prosecution of his business. . . . . The words to be actionable *per se* must in their common and ordinary meaning necessarily impute insolvency or want of credit. Thus it is not actionable to say of a merchant that he has been sued, that judgment has been recovered against him, that he has sold or mortgaged his property, or that he has refused to pay a certain promissory note."

Appellant opens the argument in his brief on the sufficiency of the allegations of damages by the following statement: "There is no dispute between the parties as to the general rule on this subject in this class of actions, namely: That where the words are libelous *per se,* no damages need be alleged, but where not libelous *per se* special damages must be alleged and proven," and in support of this contention cites *Dun v. Maier,* 82 Fed. 169, in which it is said:

"The question presented for consideration is whether the the words used in the publication are libelous *per se.* If they are, the uniform current of authority authorizes the recovery of general damages, and no specific damage need be averred. If, however, the words published are not actionable *per se,* it was incumbent on the defendants in error to make the necessary averments of special damage to warrant a recovery."

Appellant bases his argument in favor of the sufficiency of the complaint upon two grounds: first, that the language charged is libelous *per se,* and therefore actionable, without alleging anything other than general damages; and, second, he contends that if not libelous *per se* "the complaint does suffi-

ciently allege special damages." In support of appellant's contention, counsel cite the following authorities: 25 Cyc. 326; Odgers on Libel and Slander, p. 66; *McKenzie v. Denver Times Pub. Co.,* 3 Colo. App. 554, 34 Pac. 577; *Hayes v. Press Co.,* 127 Pa. 642, 14 Am. St. 874, 18 Atl. 331; *Smith v. Bradstreet Co.,* 63 S. C. 525, 41 S. E. 763; *Sewall v. Catlin,* 3 Wend. (N. Y.) 292; *Maldonado & Co. v. Yglesias,* 154 App. Div. 520, 139 N. Y. Supp. 102; *Minter v. Bradstreet Co.,* 174 Mo. 444, 73 S. W. 668; *Evans v. Harries,* 1 Hurl. & N. 251, 26 L. J. Ex. 31; *Ratcliffe v. Evans,* 61 L. J. Q. B. 535, 2 Q. B. (1892) 524, 66 L. T. 794, 40 W. R. 578; *Weiss v. Whittemore,* 28 Mich. 366; *Trenton Mut. Life etc. Ins. Co. v. Perrine,* 23 N. J. L. 402, 57 Am. Dec. 400.

In *McKenzie v. Times Pub. Co., supra,* the publication was as follows: "Business changes. McKenzie Lumber Co., Denver, attached." The court, in considering the question as to whether this was actionable *per se,* said:

"To say that a judgment has been recovered against a man, without more, suggests no impugnment of his solvency or his integrity; and the plain sense of the words cannot be enlarged by innuendo. In this case, however, the words clearly imply embarrassment in the plaintiffs' partnership business. They will bear no other construction. If they convey the truth, there must have been a suit against the firm; the suit must have been brought upon an alleged firm liability, and the property of the firm must have been taken in attachment. Not only is suspicion cast upon the solvency or integrity of the firm, but its property, which, together with its reputation, is the foundation upon which its credit rests, is said to be in the custody of an officer. . . . . The words are clearly actionable, and for the purpose of maintaining the suit it was unnecessary to allege or prove special damages."

The other authorities above cited support the holding in the Times Pub. Co. case.

It certainly seems that the publication of a false report that a company with but $50,000 capital stock has been sued for $230,000 on account of "money advanced" can have no other effect than that of casting doubt and suspicion on the finan-

cial standing and integrity of such company and would un-
doubtedly tend to injure its business. It is clear to us that
under the liberal rule of pleading adopted by our code the
allegations of the complaint under consideration are suffi-
cient to put the defendant on its defense. The proofs as to
the amount and nature of the damages sustained will be quite
another thing. The plaintiff will have to make its proof suffi-
cient to satisfy court and jury.

As for the contention that these reports on the financial
standing of business concerns are privileged, we are unable
to give to such a doctrine the sanction of the court. We agree
that some courts have so held, but we do not believe it to be
a sound or just rule, and it would certainly be demoralizing
to business and open a ready and safe way for the unscrupu-
lous, the blackmailer or grafter to ruin the business standing
and credit of an individual or corporation at pleasure and
without recourse. The only safe and just rule, either in law or
morals, is the one that exacts truthfulness in business as well
as elsewhere and places a penalty upon falsehood, making it
dangerous for a mercantile, commercial or any other agency
to sell and traffic falsehood and misrepresentation about the
standing and credit of men or corporations. The company
that goes into the business of selling news or reports about
others should assume the responsibility for its acts and must
be sure that it is peddling the truth. There cannot be two
standards of right nor two brands of truth, one for moraliz-
ing and one for business. The law ought to look with a stern,
cold eye upon the liar, whether he be incorporated or just an
everyday man. If a mercantile agency can safely make false
reports about the financial standing and credit of the citizen
and destroy his business, it can then take the next step with
equal impunity and destroy his reputation, leaving him shorn
and helpless.

As recently as 1908 in the case of *MacIntosh v. Dun*, L. R.
App. Cas. (1908) 390, 2 British Ruling Cases, 203, on appeal
from the high court of Australia, the privy council of Eng-
land, speaking through Lord Macnaghten on the alleged priv-

ileged character of mercantile reports on the standings of business and commercial institutions, said:

"Is it in the interest of the community, is it for the welfare of society, that the protection which the law throws around communications made in legitimate self-defense, or from a *bona fide* sense of duty, should be extended to communications made from motives of self-interest by persons who trade for profit in the characters of other people? The trade is a peculiar one; still there seems to be much competition for it; and in this trade, as in most others, success will attend the exertions of those who give the best value for money and probe most thoroughly the matter placed in their hands. There is no reason to suppose that the defendants generally have acted otherwise than cautiously and discreetly. But information such as that which they offer for sale may be obtained in many ways, not all of them deserving of commendation. It may be extorted from the person whose character is in question, through fear of misrepresentation or misconstruction if he remains silent. It may be gathered from gossip. It may be picked up from discharged servants. It may be betrayed by disloyal employees. It is only right that those who engage in such a business, touching so closely very dangerous ground, should take the consequences if they overstep the law."

The doctrine there advanced is wholesome and ought to apply here.

We think the complaint in this case is sufficient to put the defendant on its defense. The demurrer should have been overruled, and the defendant should be required to answer on the merits. Costs awarded to appellant.

Sullivan and Stewart, JJ., concur.

Petition for rehearing denied.