**Rensler POMEROY, doing business as Bend Specialized Service, Plaintiff,**

v.

**DUN & BRADSTREET, Inc., a corporation, Defendant.**

**Civ. No. 8114.**

United States District Court
D. Oregon.

Sept. 18, 1956.

Vergeer & Samuels and Charles S. Crookham, Portland, Or., for plaintiff.

Black, Kendall & Fain, Portland, Or., for defendant.

SOLOMON, District Judge.

Defendant's motion for summary judgment is granted.

Comment.

Plaintiff filed an action for damages against Dun & Bradstreet, Inc., a mercantile agency, in which he alleged that the defendant maliciously published and circulated false statements to his creditors.

Among other defenses, Dun & Bradstreet, Inc., contends that the circulation of its credit report was limited to only those subscribers who specifically requested information concerning the plaintiff and who had an interest in this information; that the report was compiled and disseminated in good faith and without malice and, therefore, the report was legally privileged.

This case is now before the court on defendant's motion for summary judgment.

Although in the complaint and the pretrial order, plaintiff alleges that the report was issued maliciously, plaintiff in his deposition stated that he knew of no one connected with the defendant who bore any malice towards him and that he is not claiming that the defendant acted maliciously towards him when the publication was circulated. During the oral argument on the motion, plaintiff's counsel, with commendable frankness, admitted that he knew of no evidence to show that the defendant acted with malice either before or at the time the credit report was circulated. Thereafter, the court gave plaintiff until September 17, 1956, to state whether he would be able to produce evidence of actual malice on the part of the defendant. Plaintiff has again stated that he will be unable to produce any such evidence.

Defendant bases its motion on the ground that the offensive statements circulated among plaintiff's creditors were qualifiedly privileged because they were contained in a report furnished by a mercantile agency to a group of subscribers in good faith and without malice.

■ In Oregon, it is well established that there can be no recovery for a defamatory statement which is qualifiedly privileged unless it was shown to have been made with actual malice. Kilgore v. Koen, 133 Or. 1, 288 P. 192; Cribbs v. Montgomery Ward & Co., 202 Or. 8, 272 P.2d 978.

■ The question before this court is whether a defamatory statement concerning the credit and financial standing of an individual or a business concern issued, confidentially and in good faith, by a mercantile agency and communicated to a subscriber having an interest in the particular matter is a qualifiedly privileged statement.

■ Plaintiff, in support of his contention that it is unnecessary for him to prove malice, relies upon a 1914 Idaho decision. Pacific Packing Co. v. Bradstreet Co., 25 Idaho 696, 139 P. 1007, 51 L.R.A.,N.S., 893.

Absent statutory basis, this decision stands alone in the United States in support of that contention. There are many decisions from numerous jurisdictions which support the contrary view. Many of these cases are collected and discussed in Watwood v. Stone's Mercantile Agency, 1952, 90 App.D.C. 156, 194 F.2d 160, 30 A.L.R.2d 772, certiorari denied 344 U.S. 821, 73 S.Ct. 18, 97 L.Ed. 639; and in F. R. Cullum, dba Cullum Motor Sales v. Dun & Bradstreet, Inc., 1955, 228 S.C. 384, 90 S.E.2d 370.

In our view, the majority rule is the preferable one. Because of the admissions of plaintiff and his counsel as to the facts and our view that the statement circulated by defendant was qualifiedly privileged, there is no genuine issue of fact to be determined and plaintiff has failed to "state a claim upon which relief can be granted."

This is not a case in which the claim for relief has been defectively stated. It is a case in which no claim for relief exists.