**PACIFIC NORTHWEST INSTRU-
MENTS, INC., an Oregon corporation, Plaintiff,**

v.

**DUN & BRADSTREET, INC., a Delaware corporation, Defendant.**

**Civ. No. 72–776.**

United States District Court,
D. Oregon.

May 7, 1973.

The bases for the action are two credit reports on plaintiff prepared by defendant. One credit report contained information which purported to show that plaintiff was slow in paying its suppliers. This information was taken from six "ledger experience cards" submitted to defendant by six of plaintiff's suppliers. Defendant claims to have received reliable information from these suppliers previously.

The second credit report contained clearly false information. It appears that a complaint had been filed against plaintiff, but the report stated that there was a judgment outstanding against plaintiff. Defendant had obtained the incorrect information from McCord's Daily Notification Sheet, a service which had previously given reliable information. Both reports were sent by defendant to twelve of its subscribers who requested credit information on plaintiff. When it learned of the error in the second report, defendant sent a retraction to all twelve subscribers.

This case is controlled by Pomeroy v. Dun & Bradstreet, Inc., 146 F. Supp. 59, 60 (D.Or.1956). In that case the question was "whether a defamatory statement concerning the credit and financial standing of an individual or a business concern issued, confidentially and in good faith, by a mercantile agency and communicated to a subscriber having an interest in the particular matter is a qualifiedly privileged statement." Judge Solomon decided that such a statement was qualifiedly privileged, and plaintiff here apparently agrees with that analysis. However, in *Pomeroy*, the plaintiff could not recover since Oregon law did not permit recovery for a defamatory statement which is qualifiedly privileged unless it was shown to have been made with actual malice. Cribbs v. Montgomery Ward & Co., 202 Or. 8, 272 P.2d 978 (1954).

*Pomeroy* is factually similar to the present case. Plaintiff contends that the current law does not require proof of actual malice, but only of reck-

Charles Paulson, Portland, Or., Sam A. McKeen, Klamath Falls, Or., for plaintiff.

David J. Krieger, Douglas G. Beckman, Black, Kendall, Tremaine, Boothe & Higgins, Portland, Or., for defendant.

SKOPIL, District Judge.

This case, originally filed in the State Circuit Court for Klamath County, Oregon, was removed to this Court upon the petition of the defendant, Dun & Bradstreet, Inc. Plaintiff, Pacific Northwest Instruments, Inc., claims to have been damaged in its business as a result of allegedly false statements made by defendant which were circulated to several of plaintiff's suppliers. The case is now before the Court on a Rule 56 motion for summary judgment by defendant.

386

less disregard by defendant for the consequences of its acts. It may be that the law is different in other circuits, but plaintiff cites no cases contrary to *Pomeroy* in this circuit. Moreover, the rule with respect to proof of actual malice in *Cribbs, supra,* has been reaffirmed in Murphy v. Harty, 238 Or. 228, 393 P.2d 206, 214 (1964).

Accordingly, the defendant's motion for summary judgment is granted.

This opinion shall constitute findings of fact and conclusions of law pursuant to Fed.R.Civ.P. 52(a).