## LOCKE *v.* BRADSTREET CO.[1]

*(Circuit Court, D. Minnesota. January, 1885.)*

1. LIBEL—MERCANTILE AGENCY.
   A corporation, carrying on the business of a mercantile agency, is not exempt from legal responsibility, and is subject to the same rules of law as other persons who have a just occasion for making statements which are charged to be libelous.

2. SAME—PUBLICATIONS INJURIOUS TO MERCANTILE CREDIT—PRIVILEGED COMMUNICATIONS.
   Every willful and unauthorized publication, written or printed, which imputes to a merchant or other business man conduct which is injurious to his character and standing as a merchant or business man, is a libel, and implies

1 Reported by Robertson Howard, Esq., of the St. Paul bar.

malice; but whenever the author or publisher acted in the *bona fide* discharge of a public or private duty, legal or moral, or in the prosecution of his own rights and interests, that which is communicated in writing under such circumstances is a privileged communication, unless actuated by malice.

3. SAME—PRIVILEGE A QUESTION OF LAW.

Whether an alleged libel is within the protection afforded to privileged communications is a question of law.

4. SAME—COMMUNICATION, WHEN PRIVILEGED.

A communication is privileged, within the rule, when made in good faith, in answer to one having an interest in the information sought; and it will be privileged, if volunteered, if the party to whom the communication is made has an interest in it, and the party by whom it is made stands in such relation to him as to make it a reasonable duty, or at least proper, that he should give the information.

5. SAME—ACTUAL MALICE.

If a communication is privileged, then, although the statements are defamatory, actual malice must be proved to entitle the aggrieved party to recover damages.

6. SAME—INFORMATION FURNISHED BY MERCANTILE AGENCY, WHEN PRIVILEGED.

Written information as to the standing of a merchant or business man, furnished by a mercantile agency to its subscribers voluntarily, or in answer to inquiries from them, is a privileged communication.

7. SAME—QUESTION FOR JURY—CHARACTER OF COMMUNICATION.

It is for the jury to determine whether such a privileged communication is defamatory and actuated by malice, or not.

8. SAME—EVIDENCE OF MALICE.

In determining whether actual malice existed, the jury can take into consideration the alleged libelous publication, in connection with other testimony tending to show the falsity of the charge and the want of probable cause, and thus determine if malice is proved.

9. SAME—AGENCY, WHEN LIABLE.

Where the published statement was calculated to affect injuriously the character of a merchant or business man, and was false, and the mercantile agency, without exercising ordinary care and caution in collecting it, unfairly and without reason to believe its truth, imparted the information to others recklessly, it will be liable.

At Law.

*Rea, Kitchel & Shaw* and *Chas. E. Flandrau,* for plaintiff.

*White & Palmer, (C. K. Davis,* of counsel,) for defendant.

NELSON, J., (*charging jury.*) This action is brought for libel. The plaintiff is a resident of Minneapolis, and a citizen of the state of Minnesota, and the defendant is a corporation created by the laws of the state of Connecticut, and has an agency located in the city of Minneapolis. The business of the defendant is to obtain information of the financial standing and character of business men throughout the United States, and for a consideration it enters into an agreement with its patrons to furnish them the information received. It does this in its own way, and gives the information in such form as it may deem advisable, and to its subscribers only. The corporation is engaged in a serviceable and useful business, unless there is abuse in its management. The corporation is not exempt from legal responsibility, and is subject to the same rules of law as other persons who may have a just occasion for making statements which are charged to be libelous. It has extensive facilities for securing information, and is of great service to the mercantile and financial interests of the country;

but if its opportunities are abused, and it is negligent in obtaining and imparting information, and reckless in its conduct, great injury results to the class of men whose interest its purpose is to advance. The information imparted in writing to the patrons of the defendant, reflecting upon the business conduct of the plaintiff, and charged to be a malicious statement injurious to his character and reputation, is the following:

"Their elevator has been condemned as unsafe, and the chamber of commerce decline to accept or do business with their wheat checks. The facts of the case seem to be that *Locke* has misled the other investors, and put up a building which is unsafe for business, and stands idle. The investors seem to regard themselves as having been victimized. The company cannot be considered as having a basis of any credit."

It is my duty to instruct you that every willful and unauthorized publication, written or printed, which imputes to a merchant, or other business man, conduct which is injurious to his character and standing as a merchant or business man, is a libel, and implies malice; but "whenever the author or publisher acted in the *bona fide* discharge of a public or private duty, legal or moral, or in the prosecution of his own rights and interests," that which is communicated in writing under such circumstances is a privileged communication, unless actuated by malice. If it is a privileged communication, then, although the statements are defamatory, actual malice must be proved to entitle the aggrieved party to recover damages. It is a legal question for the court to first determine if the alleged libel is within the protection afforded to privileged communications. "A communication is privileged, within the rule, when made in good faith in answer to one having an interest in the information sought, and it will be privileged, if volunteered, if the party to whom the communication is made has an interest in it, and the party by whom it is made stands in such relation to him as to make it a reasonable duty, or at least proper, that he should give the information." *Sunderlin* v. *Bradstreet*, 46 N. Y. 191. Applying the rule laid down to this case, and it is in proof that the information charged to be a libel was communicated to subscribers in the city of Minneapolis and Duluth, who had an interest in knowing it; and the communication is also volunteered to other persons who stood in such relation to the defendant as to make it a reasonable duty, or proper, that such information should be given; so that the conduct of the plaintiff consists of answers in writing to inquiries made, or volunteer information given to those who had an interest in it, and there was just occasion for imparting it to them. Therefore I instruct you that the information given was a privileged communication. You must now determine whether the privileged communication is defamatory and actuated by malice. The publication is submitted for your interpretation, and it is for you to settle the meaning and determine the character and effect of the statement complained of, and whether malice, in fact, is proved.

In a case like this, falsehood of the statement, and the absence of probable cause, will amount to proof of malice; and if you find from the evidence that the published statement was calculated to affect injuriously the plaintiff's character, and was false, and that the defendant, without exercising ordinary care and caution in collecting it, unfairly, and without reason to believe its truth, imparted the information to others recklessly, your verdict should be for the plaintiff. But if you find the plaintiff has not removed the presumption which attaches to this statement as a privileged communication, then the defendant is entitled to a verdict. In determining whether actual malice existed, you can take into consideration the alleged libelous publication, in connection with other testimony tending to show the falsity of the charge and the want of probable cause, and thus determine if malice is proved. If the plaintiff is entitled to a verdict, you are to fix the amount of damages, which must be reasonable and just.

The jury found a verdict for defendant.

See *Trussell* v. *Scarlett*, 18 FED. REP. 214, and note, 216.