JOSEPH, by guardian *ad litem,* Appellant, vs. BAARS, Respondent.

*March 15—April 5, 1910.*

*Slander: Privileged communications: Conditional privilege: Burden of proof: Good faith: Malice.*

1. In an action for slander when, to establish the defense of qualified or conditional privilege, the defendant has shown *prima facie* that the slanderous communication was made by him to the proper officer of the law (or one honestly believed by him to be the proper officer) in good faith, believing the communication to be true and acting simply from a sense of public duty, the burden of proof is not upon him to show further that he had reasonable grounds for believing the truth of the communication.

2. Mere reckless statements, or statements based on nothing in the way of information, cannot be said to have been made in good faith within the meaning of the above rule.

3. When a *prima facie* case of privilege has been made as above stated the burden is upon plaintiff, as in other cases of communications conditionally privileged, to prove actual malice on the part of the defendant.

APPEAL from an order of the circuit court for Columbia county: CHESTER A. FOWLER, Circuit Judge. *Affirmed.*

Slander. The complaint contains two causes of action. The first alleges that the defendant falsely charged in the presence of two persons named that one K. had had sexual intercourse with the plaintiff (a girl sixteen years of age), and the second alleged that the defendant made the same charge on another occasion by telephone to one Tarnutzer. The defendant by answer alleged the truth of the statements, and as a separate defense to the second cause of action alleged that Tarnutzer was the village marshal of the village of Prairie du Sac, and that he (defendant), having found plaintiff and said K. in bed together having intercourse, telephoned the fact to said Tarnutzer believing him to be an

officer of the law authorized to make arrests for crime, solely for the purpose of procuring the arrest of said K. and without malice toward the plaintiff. The case was tried by jury and a general verdict for the plaintiff fixing her damages at $500 was returned. Upon motion the court set aside the verdict and granted a new trial on the ground of error in the charge, and the plaintiff appeals from the order.

For the appellant there was a brief by *Grotophorst, Evans & Thomas,* and oral argument by *E. A. Evans.*

*William Ryan,* attorney, and *D. H. Grady,* of counsel, for the respondent.

WINSLOW, C. J. The trial judge granted a new trial because he thought he had given an erroneous instruction to the jury with regard to the defense of conditional privilege. He charged the jury that in order to find for the defendant on the ground of privilege they must be "satisfied by the preponderance of the evidence that the defendant spoke to Tarnutzer in good faith believing him to be a constable with the authority and charged with the duty of instituting a criminal prosecution and apprehending persons committing crimes, *with reasonable grounds for believing the man K. guilty of a criminal act of sexual intercourse,* and believing him to be so guilty, and believing said statements to Tarnutzer to be true, for the sole purpose of having a criminal prosecution instituted against K. and having him arrested for such act." The particular clause which the trial court thought erroneous is the clause which requires the defendant to prove *that he had reasonable grounds for believing K. guilty* in addition to proving that he actually did believe him guilty.

Upon this question the trial judge's second thought seems to us to have been correct. The defense of qualified or conditional privilege based on the communication of the facts regarding a supposed crime to an officer of the law merely from a sense of public duty and without malice is an affirma-

tive defense, which, like other affirmative defenses, must be proven by the defendant by a preponderance of the evidence if the facts do not appear in the plaintiff's case; that is, the defendant must show that he spoke the slanderous words to an officer of the law charged with the power or duty to arrest or prosecute (or one whom he honestly believed to be such officer) in good faith believing his communication to be true and acting simply from a sense of public duty. As briefly stated by Lord COLERIDGE in *Padmore v. Lawrence,* 11 Ad. & El. 380, 382:

"For the sake of public justice, charges and communications which would otherwise be slanderous are protected if *bona fide* made in the prosecution of an inquiry into a suspected crime."

There must be good-faith belief in the fact that a crime has been committed and good-faith belief that the person to whom communication is made is a proper person or officer with whom the information should be lodged to the end that justice should be vindicated. When the defendant has shown these two facts he has undoubtedly lifted the burden of proof. He has then shown *prima facie* at least that his communication was made in the course of duty, from a sense of duty, and with an honest belief in its truth. He is not required to go further and show that a shrewder man would have discovered the falsity of the supposed facts. The question is: Did he honestly believe what he said to be true? not whether some other man placed as he was would have believed it. Odgers, Libel & S. (4th ed.) p. 330. His belief must of course be founded upon some information. Mere reckless statements, or statements based on nothing in the way of information, are not protected, because they cannot be said to have been made in good faith; but statements honestly believed to be true, based upon some tangible information and made from an honest desire to promote public justice, and made to the proper officer or one honestly supposed

to be the proper officer, are protected, though some more pru-
dent person would not perhaps have believed in the truth of
the information on which the statement is based.    *Clark v.
Molyneux,* L. R. 3 Q. B. D. 237, 248. .When the *prima
facie* case of privilege has been thus made by proof that the
communication was mâde in the course of public duty, from
a sense of public duty, and with an honest belief in its truth,
it becomes the duty of the plaintiff, as in other cases of com-
munications conditionally privileged, to prove actual malice
by some facts tending to prove a malicious or guilty motive.
*Calkins v. Sumner,* 13. Wis. 193; *Hemmens v. Nelson,* 138
N. Y. 517, 524, 34 N. E. 342; *Dale v. Harris,* 109 Mass.
193; 8 Ency. of Ev. 220.

It is argued by appellant that because the defendant's
information in the present case was derived only from things
which he himself saw or thought he saw, and because the
jury have found by their verdict that the supposed crime
was not in fact committed, there is no room for the defendant
to claim good-faith belief in the truth of his communication;
or, in other words, the claim is that he must have known the
communication to be false and hence that it could not be
privileged, and no error in the instructions upon the ques-
tion of privilege can be prejudicial in the least.   It is suffi-
cient to say with reference to this claim that under the evi-
dence in the case we regard it as entirely possible that the
defendant may have believed that the charge he made was
true and founded such belief in good faith on certain very
compromising facts which, upon the undisputed evidence,
came within his vision, and yet the charge may not have
been true.   It is not deemed edifying or necessary to spread
upon the record any specific or detailed statement of the evi-
dence to which we refer.

*By the Court.*—Order affirmed.