## POPKE v. HOFFMAN.

*Libel and slander—Statement to police officer that plaintiff hauling liquor, privileged, when—Burden on plaintiff to prove malice—Letter written to prohibition enforcement officer privileged, when—Defendant's testimony that plaintiff referred to in letter, not publication thereof—Informant not required to have reasonable grounds for making charges, when—Measure of damages—Exemplary damages and counsel fees to plaintiff—Evidence—Contents of letters to witness reflecting on plaintiff inadmissible, when.*

1. Defendant's statement to police officer, in good faith and not in presence or hearing of any other person, that she thought plaintiff was hauling liquor, *held* not slanderous, being given under qualified privilege.

2. Where defendant made statement to police officer in good faith, and not in presence or hearing of any other person, that she thought plaintiff was hauling liquor away from certain place, plaintiff *held* to have burden to show malice, in his action for slander, since such occasion would rebut the *prima facie* inference of malice.

3. In libel action, involving letter in which plaintiff's name was not mentioned, defendant's testimony that she referred to plaintiff therein *held* not to amount to publication of such letter.

4. Defendant's letter, written and mailed in good faith to one in charge of prohibition enforcement, charging certain person with unlawfully obtaining intoxicants, *held* not libelous, being under qualified privilege.

5. One charging liquor law violation to proper officer in good faith *held* not guilty of libel or slander, regardless of whether he had reasonable grounds for making such charge.

6. Jury *held* not required to award exemplary damages, even though defendant was moved by actual malice in making libelous and slanderous statements.

7. Jury *held* unauthorized to award counsel fees to plaintiff unless he was entitled to exemplary damages.

8. Counsel fees when awarded become part of compensatory damages.

9. Testimony as to contents of letters received by witness reflecting on plaintiff *held* inadmissible, in absence of showing that they were written by defendant, or that she was in any way responsible for them.

(Decided April 16, 1926.)

ERROR: Court of Appeals for Erie county.

*Messrs. Young & Young,* for plaintiff in error.
*Mr. J. F. Hertlein* and *Mr. George C. Beis,* for defendant in error.

RICHARDS, J.   Daniel Hoffman recovered a verdict and judgment of $650 against Maude E. Popke for damages resulting from slander and libel. Many alleged errors are insisted on as grounds for a reversal of the judgment.

The petition as drawn contains but one cause of action, although it sets out three several charges of claimed slanderous statements and one charge of libel.   The trial court, however, submitted to the jury only one charge of slander and one of libel. All of these alleged slanderous and libelous statements claimed to have been made by Maude E. Popke against Daniel Hoffman relate to charges of bootlegging.

The charge of slander, which was submitted to the jury, was a statement made by Mrs. Popke to a police officer, and not in the presence or hearing of any other person.   The claimed slanderous statement, as testified to by the police officer, follows:

"She asked me why we did not catch people hauling liquor away from places, and I told her that we did not know of any people who were hauling

liquor away, and I stated that, if there were, I would try to catch them, and she said, 'You watch what is put in that car over there, and you will catch them.'

"I asked her who it was, and she said: 'A business man from the city,' and I asked if she knew who it was, and she said that she thought it was Dan Hoffman."

Certainly this information, if given in good faith to a police officer in the line of his duty, would be under a qualified privilege, and no action for slander would lie in the absence of evidence showing that the informant was moved by actual malice in making the statement. Under the holdings of the courts, the occasion would rebut the *prima facie* inference of malice, and the burden would rest on the plaintiff to show malice in fact, before he would be entitled to recover.

The cause of action for libel is based upon a letter written by Mrs. Popke on November 2, 1923. That letter does not name Mr. Hoffman, and he is not identified therein except that the letter reflects on a merchant, and Mr. Hoffman was, in fact, a merchant. It is true, however, that some oral testimony was introduced of statements made by Mrs. Popke before the trial, from which the jury might perhaps find that she was referring to Mr. Hoffman in the letter. We do not regard it as important that she stated on the witness stand that she meant Mr. Hoffman, for any statement so made could not amount to a publication of the letter. This letter charging the unlawful obtaining of intoxicants was written to Mr. Hoover, and, if written and mailed in good faith, and with the honest

belief that she was sending it to one having charge
of or looking after the enforcement of the prohibi-
tion laws, would be under the same qualified priv-
ilege as the oral statement made by her to the
police officer.

In charging the jury upon the subject of priv-
ileged communications, the trial judge stated that
legal malice could not be inferred from statements
or inquiries made to an officer of the law and oth-
ers for the purpose of discovering a crime, or to
bring a guilty person to justice, and that such state-
ments or inquiries are privileged and do not con-
stitute libel or slander, provided, however, they are
made upon reasonable grounds, in good faith, and
honestly made, even though in fact the words were
false and unfounded.   That portion of this charge
that requires the exercise of more than good faith,
in making statements which are subject to a quali-
fied privilege, stated the law too strictly against the
defendant.   If she made the statements in good
faith, they would be made under a qualified priv-
ilege whether she did or did not have reasonable
grounds upon which to base them.   If she in good
faith believed that Hoffman was violating the crim-
inal law, she had the right to make complaint to
those whose duty it was to attend to the enforce-
ment of law, and was not bound to personally make
an investigation to ascertain whether reasonable
grounds in fact existed therefor.

The principle is thus stated in 17 R. C. L., 358,
par. 106, and the case of *Joseph* v. *Baars,* 142 Wis.,
390, 125 N. W., 913, 135 Am. St. Rep., 1076, illus-
trates its application.

The charge to the jury is erroneous in permitting

the jury to award attorney fees as a part of the compensatory damages, even though they should fail to find that the plaintiff was entitled to any punitive or exemplary damages.  If the jury should find that Mrs. Popke was moved by actual malice, they were not required to award exemplary damages, and they were not authorized, under the law, to award counsel fees to the plaintiff unless they found that he was at least entitled to exemplary damages, although it is true that the counsel fees, when awarded, become part of the compensatory damages.  Such is the rule in Ohio, as announced in *Roberts* v. *Mason,* 10 Ohio St., 277, and *United Power Co.* v. *Matheny,* 81 Ohio St., 204, 211, 90 N. E., 154, 28 L. R. A. (N. S.), 761.

The trial court erred in permitting the witness John B. Taylor to testify to the contents of the letters received by him, reflecting on Hoffman, without any evidence tending to show that these letters were written by Mrs. Popke, or that she in any way was responsible for them.

We find no other prejudicial errors, but for the reasons given the judgment must be reversed, and the cause remanded for a new trial.

*Judgment reversed and cause remanded.*

Williams and Young, JJ., concur.