## WATWOOD v. STONE'S MERCANTILE AGENCY, Inc.

### No. 10891.

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 23, 1951.

Decided Jan. 17, 1952.

Donald H. Dalton, Washington, D. C., for appellant.

H. Winship Wheatley, Jr., Washington, D. C., with whom H. Winship Wheatley,

2. See discussion in 10A Mertens, Federal Income Taxation § 59.07 (Rev.Ed.1948).

Washington, D. C., was on the brief, for appellee.

Before EDGERTON, WILBUR K. MILLER, and PRETTYMAN, Circuit Judges.

EDGERTON, Circuit Judge.

Appellant's second amended complaint for libel includes substantially the following statements. Appellee Mercantile Agency sent to a subscriber a credit report about appellant that had been read by several members of appellee's staff. It contained this language: "Watwood, Miss Susie V. * * * claims to be single. * * * Miss Watwood is reported to have one child attending school. According to information the child's name is Gwen Cohen. * * * D. C. Civil Suit, 3/27/42: Susie V. Watwood v. Jacob M. Cohen for damages for breach of promise to marry, $50,000. D. C. Civil Order, 11/4/42: Susie V. Watwood v. Jacob M. Cohen, order for dismissal." According to the complaint, this language implies that appellant is the mother of a child born out of wedlock but the facts are that appellant is married to Jacob M. Cohen and is not a mother. She uses her maiden name in business.

Appellee's answer to the complaint says appellee furnished the report in good faith to a subscriber, in response to his request, for use in his business, and that this subscriber forwarded it unread to appellant's attorney, at whose instance the subscriber had obtained it from appellee. The District Court awarded summary judgment to appellee on the ground that the pleadings and depositions showed there was no genuine issue as to any material fact and that

appellee was entitled to judgment as a matter of law.

A jury might well think appellee's report suggested that appellant was unmarried and a mother. The fact that she is neither does not prevent a suggestion that she is both from being defamatory. But the usual rule, which we think should prevail in the District of Columbia, is that a mercantile agency's credit report to an interested subscriber is qualifiedly privileged; unless it is made in bad faith or for an improper purpose, the fact that it contains erroneous unfavorable statements about the plaintiff does not make the agency liable.[1] The harm that such statements occasionally do to applicants for credit is believed to be small in relation to the benefits that subscribers derive from frank reports.[2] Since marital status and number of dependents bear on credit, the qualified privilege is broad enough to cover the statements in appellee's report.

The agency need not show that the subscriber was actually interested in the plaintiff's credit. It is a general rule of the law of defamation that "while a misguided notion as to the defendant's moral obligation or justification to make the statement will not exonerate him, he is privileged to publish it to any person who reasonably appears to have a duty, interest, or authority in connection with the matter."[3] The principle is not confined to the law of defamation. "In practically all cases of privilege in the law of torts the existence of a privilege depends upon the facts as they reasonably appear to the person whose liability is in question. The privilege of self-defense and the defense of property, for example, are available if

1. Locke v. Bradstreet Co., C.C., D.Minn., 22 F. 771; Trussell v. Scarlett, C.C., D. Md., 18 F. 214; Hooper-Holmes Bureau v. Bunn, 5 Cir., 161 F.2d 102; Colby Haberdashers v. Bradstreet Co., 267 Mass. 166, 166 N.E. 550; Pollasky v. Minchener, 81 Mich. 280, 46 N.W. 5, 9 L.R.A. 102. Contra, Johnson v. Bradstreet Co., 77 Ga. 172; Pacific Packing Co. v. Bradstreet Co., 25 Idaho 696, 139 P. 1007, 51 L.R.A.,N.S., 893. In England the privilege has been denied. Macintosh v. Dun, [1908] A.C. 390.

2. Smith, Conditional Privilege for Mercantile Agencies, 14 Col.L.R. 187, 296, at page 207 et seq.

3. Prosser on Torts, p. 847. Joseph v. Baars, 142 Wis. 390, 392, 125 N.W. 913, 914; Popke v. Hoffman, 21 Ohio App. 454, 153 N.E. 248; Finkelstein v. Geismar, 91 N.J.L. 46, 92 N.J.L. 251, 106 A. 209. Contra, Hebditch v. MacIlwaine [1894] 2 Q.B. 54.

the defendant believes on reasonable grounds that defensive efforts are necessary. * * * Privilege is of little value if it depends upon the existence of facts that are unknown or unknowable to the person affected."[4]

 The fact that the report was handled by more than one of appellee's employees in the ordinary course of business does not destroy the privilege. Globe Furniture Co. v. Wright, 49 App.D.C. 315, 265 F. 873.

Affirmed.

---

4. Harper, Privileged Defamation, 22 Va. L.R. 642, 649. It does not follow that a mercantile agency may volunteer reports to subscribers who have not asked for them. Pollasky v. Minchener, supra note 1; Erber & Stickler v. R. G. Dun & Co., O.C., E.D.Ark., 12 F. 526; Sunderlin v.

Bradstreet Co., 46 N.Y. 188; Mitchell v. Bradstreet Co., 116 Mo. 226, 22 S.W. 358, 724, 20 L.R.A. 138; Bradstreet Co. v. Gill, 72 Tex. 115, 9 S.W. 753, 2 L.R.A. 405; Denney v. Northwestern Credit Ass'n, 55 Wash. 331, 104 P. 769, 25 L.R. A.,N.S., 1021.