**WATWOOD v. CREDIT BUREAU, Inc.**

No. 1337.

Municipal Court of Appeals for the District of Columbia.

Argued April 27, 1953.

Decided June 11, 1953.

Rehearing Denied June 29, 1953.

See also, D.C.Mun.App., 82 A.2d 753.

Susie V. Watwood, pro se.

Bernard I. Nordlinger, Washington, D. C., with whom Milton W. King, Wallace

Luchs, Jr., and Robert B. Frank, Washington, D. C., were on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

The appellant, plaintiff below, appeals from a judgment in favor of the defendant, Credit Bureau Incorporated, in a libel suit.[1]

The complaint alleged that the defendant issued certain credit reports to named individuals which were false, that these reports were published "with intent to do plaintiff harm, to publicly embarrass her and to cause her loss of employment and other injuries and damages." Plaintiff asked judgment for $3,000 in the nature of compensatory and punitive damages and also injunctive relief prohibiting defendant from issuing any further false reports and compelling defendant to destroy all records in its possession concerning the plaintiff. Defendant filed a motion to dismiss the complaint, which motion was denied except as to injunctive relief and the destruction of records.

Defendant's answer alleged that the credit reports were privileged and issued without malice or intent to harm plaintiff and further denied publication.

After the jury was sworn, plaintiff was allowed to amend her complaint over defendant's objection. This amendment, as dictated to the court reporter, alleged that "The defendants' publication is a part of a communistic and fascist attempt to destroy plaintiff's character, credit, and ability to secure employment to earn her living."

Appellant assigns a large number of errors having to do with the admission of evidence, the giving of instructions to the jury, and erroneous rulings on questions of law. In the view that we take of this case, however, only four principal questions require discussion.

Appellant's first three assignments of error have to do with the verdict being contrary to the law, the facts, and the evidence. As to the facts, there was more than ample evidence to support the jury's verdict. The record is quite lengthy and involved, much of the testimony being irrelevant and collateral to the issue of defendant's alleged libel. No purpose would be served by reciting the testimony at length, but we note that there was a sharp conflict in the testimony on almost every issue. The jury resolved these factual questions in defendant's favor, and, as we have stated many times, we cannot reweigh the evidence and disturb the jury's findings on pure questions of fact. As to the verdict being contrary to the law, we feel that this contention is mainly controlled by the United States Court of Appeals' decision in Watwood v. Stone's Mercantile Agency.[2] The court there ruled that a mercantile agency's credit report to an interested subscriber is privileged unless made in bad faith or for an improper purpose. In the present case the defendant had a qualified privilege under this rule. Although there was a dispute at trial as to whether plaintiff or her employer ordered the report, if we accept plaintiff's contention that only the employer could have ordered it, the employer would nevertheless have sufficient interest in his employee's credit standing to fulfill the requirement of an "interested subscriber." The burden was on the plaintiff to show malice in defendant's actions,[3] and her failure to convince the jury of its existence sets the matter at rest.

Not only did plaintiff have the burden of proving malice, but also the burden of proving the existence of a bona fide publication. Plaintiff testified that she did not know who ordered the report from defendant. Her employer testified that no authorized person at the store ordered the report, and further that plaintiff had told him

---

1. Motion for directed verdict was granted as to co-defendant, Credit Bureau Reports, Incorporated, at the conclusion of the case, and no appeal was noted from the court's action on the motion.

2. 90 U.S.App.D.C. 156, 194 F.2d 160, certiorari denied 344 U.S. 821, 73 S.Ct. 18.

3. Potts v. Dies, 77 U.S.App.D.C. 92, 132 F.2d 734, certiorari denied 319 U.S. 762, 63 S.Ct. 1316, 87 L.Ed. 1713, rehearing denied 320 U.S. 808, 64 S.Ct. 28, 88 L. Ed. 488.

that she herself had ordered it. He stated that she was not dismissed because of the contents of the report, but rather for her unauthorized actions in twice ordering these reports from defendant. Thus there was a substantial issue as to whether plaintiff caused the communication of the alleged libel herself. If she consented to or authorized the publication complained of, she cannot recover for any injury sustained by reason of the publication she authorized.[4] Further, there was a sharp conflict as to the truth or falsity of the various statements in the credit report. All these were issues of fact which the jury decided adversely to plaintiff.

Plaintiff's fourth assignment of error is that the trial court erred in permitting the defense to cross-examine her as to prior litigation in which she had been involved. She was asked by defense counsel whether she had previously sued Stone's Mercantile Agency, and the Attorney General of the United States, claiming substantially the same damages for her loss of employment as she claimed in the present case. Plaintiff answered these questions in the affirmative.[5] It is well settled that the pleadings of a party in a prior suit may be introduced into evidence as an admission against her, even though the prior suit involved a stranger to the present action.[6] The basis of this rule is that a party should be bound by statements made in formal pleadings, even if they are not sworn to. It is only consistent then that if such pleadings are admissible, so also should be the questions as to the nature of the suits in which the pleadings were made. These questions put to plaintiff in the present case were also directly relevant as the defense was attempting to show that plaintiff had made claims against other parties identical to those she was making against the present defendant.

Another contention of appellant is that the trial court erred in refusing to admit into evidence a prior credit report on her issued by defendant. She argues that this prior report was admissible in order to show the required malice on defendant's part, and that it was reversible error to exclude it. With this we do not agree. It is true that in a suit for libel the plaintiff may introduce documents other than the alleged libelous one in order to show malice on the part of the defendant.[7] It has been held that whether the proffered documents were relevant in going to prove the question of malice is a matter within the sound discretion of the trial judge.[8] The report upon which the present action was based was issued in September 1948, while the report which the court excluded was sent out in May 1939. The period of time between the two would seem sufficient reason for rejecting the prior report in proof of a malicious state of mind on defendant's part almost ten years later.

Appellant next contends that the court erred in rejecting the majority of her requests for instructions to the jury. A study of these reveals that she was in effect asking the court to instruct contrary to the law laid down in Stone's Mercantile case, supra, and contrary also to the facts brought out by the testimony. This, of course, the trial judge may not do. The instructions to the jury were correct in all respects and were, we think, eminently fair to the plaintiff.

The last three assignments of error are not argued in appellant's brief, and therefore we consider them abandoned. We have carefully considered the remaining assignments of error and find no merit in them, and it is unnecessary to discuss them individually. A careful examination of the entire record reveals that the trial judge was most lenient with the plaintiff not only in allowing her to amend her complaint but also in the admission of evidence, examination of witnesses, and in her summation to the jury. Finding no error in the record, the judgment is affirmed.

---

4. 53 C.J.S., Libel and Slander, § 80.

5. See Watwood v. Stone's Mercantile Agency, supra; and Watwood v. McGrath, 90 U.S.App.D.C., 419, 193 F.2d 40.

6. 90 A.L.R. 1398; 14 A.L.R. 56.

7. Washington Post Co. v. O'Donnell, 43 App.D.C. 215, certiorari denied 238 U.S. 625, 35 S.Ct. 663, 59 L.Ed. 1495.

8. Barry v. McCollom, 81 Conn. 293, 70 A. 1035.