**ROSE LEES HARDY HOME AND SCHOOL ASSOCIATION et al., Petitioners,**

v.

**DISTRICT OF COLUMBIA BOARD OF ZONING ADJUSTMENT et al., Respondents,**

St. Patrick's Episcopal Day School and the Florence Crittenton Home of Washington, D. C., Intervenors.

No. 9354.

District of Columbia Court of Appeals.

Argued July 14, 1975.

Decided Aug. 26, 1975.

John W. Vardaman, Jr., Washington, D. C., with whom B. Michael Rauh, Washington, D. C., was on the brief, and Martin Shulman, Washington, D. C., for petitioners.

Leo N. Gorman, Asst. Corp. Counsel, Washington, D. C., with whom C. Francis Murphy, Corp. Counsel, Louis P. Robbins, Principal Asst. Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, Washington, D. C., were on the brief, for respondents.

Whayne S. Quin, Washington, D. C., with whom Norman M. Glasgow and John F. McCabe, Jr., Washington, D. C., were on the brief, for intervenors.

Before FICKLING, NEBEKER and HARRIS, Associate Judges.

NEBEKER, Associate Judge:

This appeal is the second involving an application by the Florence Crittenton Home, on behalf of St. Patrick's Day School, to the District of Columbia Board of Zoning Adjustment (hereinafter BZA) for a "special exception" to the Zoning Regulations to allow construction of a private school for kindergarten and elementary school-age children in a residential area (zoned R–1–B for one-family detached dwellings). Petitioners opposed the school on grounds that the school would have an adverse impact upon two nearby public elementary schools. After the BZA granted the application, this court vacated the BZA order because it was based upon evidence which all parties did not have an opportunity, pursuant to the "contested case" requirements of the District of Columbia Administrative Procedure Act, to rebut.[1] *Rose Lees Hardy Home and School Association v. District of Columbia Board of Zoning Adjustment,* D.C.App., 324 A.2d 701 (1974). The court remanded the case to "permit all parties to be heard on the record as to whether formal comments [as to impact on nearby public schools] should be solicited from the Board of Education." *Id.* at 707.

On October 25, 1974, the BZA held a hearing pursuant to this court's mandate. At that hearing the BZA limited testimony and argument by counsel to the sole issue of whether the BZA should solicit comments from the Board of Education regarding impact on the public schools. On January 21, 1975, the BZA issued another order granting the application for a "special exception" and concluding that there was no need or authority for soliciting comments from the Board of Education. Petitioners now seek review of that order. Concluding that the BZA's interpretation of the relevant statutory provisions and Zoning Regulations was not plainly erroneous and that petitioners have waived any right to challenge Board membership for alleged conflict of interest, we affirm.

The applicable Zoning Regulations and statutory provisions considered at the remand hearing were Zoning Regulations §§ 8207.2, 3101.41(b), and 3101.42(a),[2] and D.C.Code 1973, §§ 5–414, 5–420. Section 8207.2 provides in part that

the Board is authorized to grant special exceptions as provided in the preceding Articles of these regulations where in the judgment of the Board such special exceptions will be in harmony with the general purpose and intent of the zoning regulations . . . .

D.C.Code 1973, § 5–420 similarly authorizes the Zoning Commission to provide by regulation that the BZA "may, in appropriate cases . . . make special exceptions to the provisions of the zoning regulations in harmony with their general purpose and intent." D.C.Code 1973, § 5–414 states that a purpose of the Zoning Regulations is to

promote such distribution of population and of the uses of land as would tend to create conditions favorable to . . . recreational, educational, and cultural opportunities, and as would tend to further economy and efficiency in the supply of public services. . . .

Finally, Zoning Regulations § 3101.41(b) (regarding special exceptions for private schools in the form of a kindergarten) and § 3101.42(a) (regarding special exceptions for other private schools) both require the BZA to find that the school or kindergarten

is not likely to become objectionable to adjoining and nearby property because

---

1. D.C.Code 1973, § 1–1509.

2. Zoning Regulations of the District of Columbia (1973 Reprint).

of noise, traffic, number of students, or otherwise objectionable conditions . . . .

Although § 8207.2 and D.C.Code 1973, § 5–420 direct that "special exceptions" be in harmony with the "general purpose" of the Zoning Regulations, and although § 5–414 states this purpose of the Zoning Regulations to be to

promote . . . uses of land as would tend to create conditions favorable to . . . recreational, educational, and cultural opportunities, and as would tend to further economy and efficiency in the supply of public services [,]

the BZA nevertheless concluded that these general purposes were not directly applicable to "special exception" proceedings. It stated in its Remand Order:

We start with the proposition that in determining whether to grant a special exception, the Board's discretion is controlled by those adjudicatory standards set forth in the Zoning Regulations. . . . The standards set forth in D. C.Code, 1973, § 5–414 are legislative standards which guide the Zoning Commission when it legislatively promulgates zoning regulations. In special exception cases, these statutory standards do not speak directly to the Board of Zoning Adjustment, but only indirectly as they have been legislatively implemented by the Zoning Commission. In short, when ruling on special exception applications, the Board must presume that the legislative purposes set forth in D.C.Code, 1973, § 5–414 are embodied in the Zoning Regulations as written.

Thus, the question for the Board is not whether the granting of this application will "create conditions favorable to . . . educational opportunities, and . . . would tend to further economy and efficiency in the supply of public

services" (D.C.Code, 1973, § 5–414), but whether the granting of this application meets the requirements contained in the relevant Zoning Regulations . . . .

Moreover, the BZA stated in its findings of fact that:

After hearing argument on the above issue [whether to solicit comments from the Board of Education] on remand, the Board finds that no such inquiry should ·be made of the Board of Education or is required by the regulations, and that the Zoning Regulations do not permit the Board to go beyond its delegated function in special exception cases. . . .

Hence, the BZA looked only to the applicable Zoning Regulations, not to the "general purposes" statutory provision in D.C. Code 1973, § 5–414, to determine whether impact upon nearby schools should be considered.

Thereafter, in its consideration of these aforementioned applicable Zoning Regulations, i. e., §§ 3101.41(b) and 3101.42(a), which require an applicant for a "special exception" for a private school or kindergarten to demonstrate that the proposed school will not "become objectionable to adjoining and nearby property because of noise, traffic, number of students, or other objectionable conditions", the BZA concluded that "other objectionable conditions" did not include possible detrimental impact upon nearby public schools. It gave three reasons for this conclusion. First, since regulations governing other types of proceedings before the BZA specifically direct that an inquiry be made into the adequacy of public schools in the neighborhood,[3] the Zoning Commission would have specified that such an inquiry be made in cases such as this if it had intended that such an inquiry be made. Second, the phrase "objectionable conditions" must be interpreted by a "reasonable person" standard, and it cannot be said that a

3. E.g., Zoning Regulations of the District of Columbia, § 3105.42(a) (1973 Reprint) (ade-

quacy of existing schools near planned apartment developments).

"reasonable person" would always consider a private school as detracting from property value. Third, the BZA lacked the necessary expertise to attempt to weigh the "subjective factors" involved in gauging the impact of a private school on nearby public schools.

Petitioners now contend (1) that the BZA erred in refusing to consider the purposes set forth in D.C.Code 1973, § 5–414, as adjudicatory standards in making the "special exception" determination; (2) that the BZA erroneously interpreted the applicable Zoning Regulations; (3) that the BZA erroneously refused to allow introduction of factual evidence regarding impact upon the public schools; and (4) that the chairman of the BZA and a BZA member erroneously refused to recuse themselves because of alleged *ex parte* contacts with an "interested" person not involved in the case and because of their own interests in the case.

Petitioners' first three contentions can be dismissed on the grounds that we are not convinced that the BZA's interpretation of the relevant statutes and Zoning Regulations was plainly erroneous or inconsistent with the statute or regulation. *See Udall v. Tallman,* 380 U.S. 1, 16–17, 85 S.Ct. 792, 13 L.Ed.2d 616 (1965); *Daniel v. District of Columbia Board of Zoning Adjustment,* D.C.App., 329 A.2d 773, 775 (1974); *Dietrich v. District of Columbia Board of Zoning Adjustment,* D.C.App., 320 A.2d 282, 286 (1974); *Taylor v. District of Columbia Board of Zoning Adjustment,* D.C.App., 308 A.2d 230, 232 (1973). Petitioners' final contention regarding the failure of the chairman of the BZA and a BZA member to recuse themselves was waived by their failure to timely raise this issue at the administrative level and at the earlier review proceedings in this court. *Jackson v. District of Columbia,* D.C.App., 200 A.2d 199, 201–02 (1964); *Watwood v. Credit Bureau,* D.C.Mun.App., 97 A.2d 460, 462 (1953); *North American Airlines v.*

*Civil Aeronautics Board,* 100 U.S.App.D.C. 5, 12, 240 F.2d 867, 874 (1956); 2 K. Davis, Administrative Law Treatise § 12.05 (1958). The fact that petitioners listed the recusation issue among others in their petition for review in the first proceeding in this court is of no consequence since a petition for review merely serves the office of a notice of appeal and is not a pleading for joining issue on review.

Accordingly, the order of the BZA is

*Affirmed.*