Walter K. HARGROW, Plaintiff,

v.

Stuart J. LONG, et al., Defendant.

Civ. A. No. 89–134.

United States District Court,
District of Columbia.

Oct. 31, 1989.

Roland P. Wilder, Jr., Baptiste & Wilder, Washington, D.C., for plaintiff.

H. Patrick Donohue, Armstrong, Donohue & Ceppos, Rockville, Md., for defendants Stuart J. Long, Peter Brady, Mavis McCormack, Carol Masterson and Capitol Hill Management Corp.

Sheila J. Carpenter, Sutherland, Asbill & Brennan, Washington, D.C., for defendant Equifax Svcs.

Matthew S. Watson, Boasberg & Norton, Washington, D.C., for defendant Kramerbooks & Afterwards.

Stephen J. O'Brien, Washington, D.C., for defendants Capitol Hill Management, Carol Masterson and Mavis McCormack.

John F. Mahoney, Jr., Mahoney, Hogan, Heffler & Heald, Washington, D.C., for defendants Books and Afterwards.

## MEMORANDUM OPINION

SPORKIN, District Judge.

The present proceeding arises from a complaint filed in the Superior Court of the District of Columbia on February 8, 1988, by the plaintiff, Walter K. Hargrow, against the defendants, Stuart J. Long, Peter Brady, Mavis McCormick, Carol Masterson, Capital Hill Management Corp., Kramerbooks and Afterwords, Inc., and Equifax Services, Inc. for libel and slander per se. Plaintiff brought this action as a result of a pre-employment check of his references by

defendant Equifax Services, Inc. ("Equifax") in May, 1987. Plaintiff sues Equifax, two prior employers, and several of his prior co-workers and supervisors for publishing allegedly false and defamatory statements about him.

After partial discovery, the plaintiff amended his complaint to include causes of action arising under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* Because of the assertion of this federal claim, defendant Equifax was able to remove this action from the Superior Court of the District of Columbia to the United States District Court for the District of Columbia on January 19, 1989. On August 18, 1989, defendants filed the three Motions for Summary Judgment that are presently before this court. Oral argument was held on October 23 and 24, 1989. Each Motion for Summary Judgment will be considered in turn.

Summary Judgment may be granted only if "there is no issue of material fact ... and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.Proc. 56(c). The party seeking summary judgment bears the burden of demonstrating that no genuine dispute exists as to any material fact in the case. *Adickes v. S.H. Kress*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970).

At the outset, the Court notes that plaintiff's spotty employment record is undisputed and that in seeking employment plaintiff made false statements about his background and employment history. For example, plaintiff concedes that he never attained an A.A. degree nor did he spend three seasons playing professional football for the Minnesota Vikings despite having listed both accomplishments on his resume. Moreover, Apex Property Management, Inc. ("Apex"), the employer that asked defendant Equifax to examine plaintiff's references, actually hired plaintiff despite the allegedly defamatory statements in the Equifax Report. At oral argument, plaintiff's counsel conceded that nothing in the record suggests that Apex's subsequent decision to fire plaintiff was in any way related to the Equifax Report. Therefore, plaintiff has been unable to introduce any evidence of damage to his professional reputation that stems from the Equifax Report prepared for Apex.

■ The Court first examines the Motion for Summary Judgment of defendant Kramerbooks and Afterwords, Inc. ("Kramerbooks"). The only statements at issue concerning Kramerbooks were those made by Ms. Sandra Lederman to defendant Equifax that the plaintiff, Mr. Hargrow, was "ineligible for rehire" and "wholly incompetent." It is settled law that these statements are subject to qualified privilege. *See Watwood v. Stone's Mercantile Agency, Inc.*, 194 F.2d 160 (D.C.Cir.), *cert. denied*, 344 U.S. 821, 73 S.Ct. 18, 97 L.Ed. 639 (1952). As Judge Hotzoff wrote, "[O]ne who in the regular course of business is asked by a prospective employer, or a potential creditor, for information concerning a person, is entitled to the defense of qualified privilege if his reply would otherwise be regarded as defamatory." *Collins v. Brown*, 268 F.Supp. 198, 200 (D.D.C.1967).

The qualified privilege serves an important public function in the employment context. Without the privilege, references would be even more hesitant than they already are to provide candid evaluations of former employees. In order to overcome the qualified privilege, the plaintiff must show that the statements were made with malice. *Ford Motor Credit Co. v. Holland*, 367 A.2d 1311, 1313 (D.C.1977). Once a communication is deemed privileged, the burden of proof to demonstrate malice rests with the plaintiff. *Alfred A. Altimont, Inc. v. Chatelain, Samperton & Nolan*, 374 A.2d 284, 290 (D.C.1977). To show malice, the plaintiff must show either that the statements were made with knowing falsity, in bad faith, or with reckless disregard of the truth. *Id.*

■ In this case, plaintiff is unable to offer any evidence of malice which would overcome the qualified privilege. Ms. Lederman's statement was made on the basis of her knowledge of plaintiff's work and the circumstances surrounding his departure. She believed her statements to be true. Therefore, her statements were not

knowingly false nor made in bad faith or reckless disregard of the truth. Moreover, Ms. Lederman's evaluation of plaintiff as "wholly incompetent" is a non-actionable statement of opinion. *See Myers v. Plan Takoma, Inc.*, 472 A.2d 44, 47–48 (D.C. 1983); *Ollman v. Evans*, 750 F.2d 970, 975 (D.C.Cir.), *cert. denied*, 471 U.S. 1127, 105 S.Ct. 2662, 86 L.Ed.2d 278 (1985). Accordingly, plaintiff cannot overcome the qualified privilege and the Motion for Summary Judgment of defendant Kramerbooks and Afterwords, Inc. must be granted.

■ The Court next considers the Motion for Summary Judgment on behalf of defendants Capital Hill Management Corporation ("CHMC"), Stuart J. Long, Carol Masterson, Mavis McCormick, and Peter Brady. No evidence has been elicited to support any claims against Stuart J. Long and Peter Brady. Indeed the defamation charges against these two individual defendants are wholly frivolous since neither defendant made or published any statement at issue in this case. The only conversations in which employees of CHMC are alleged to have commented on plaintiff's employment qualifications and work performance were brief telephone conversations in which Mavis McCormick, CHMC's office manager, and Carol Masterson, a CHMC bookkeeper, participated. The allegedly defamatory statements made by these two defendants were: (1) that plaintiff's job at CHMC was "considered clerical in nature;" (2) that plaintiff was "undesirable as a candidate for rehire"; and (3) that plaintiff had "personality conflicts" with co-workers.

Plaintiff is unable to establish the falsity of any of these statements. *See Ford Motor Credit Co. v. Holland, supra.* Plaintiff worked as a bookkeeper for CHMC, not as an accountant. While plaintiff may consider the characterization of his work as "clerical" demeaning, there is no genuine dispute that his tasks were anything other than clerical. A statement to that effect simply cannot be considered defamatory. The statements made by the CHMC employees are also subject to the qualified privilege. *Id.* Plaintiff attempts to overcome the privilege by asserting that the contradiction between CHMC's rating of plaintiff's job performance as "OK" and

the statement that he was "undesirable as a candidate for rehire" are evidence of bad faith. It is undisputed, however, that plaintiff ended his employment at CHMC by ceasing to appear for work without ever having given notice. Without explanation he simply walked off the job. The circumstances of his departure from CHMC surely make him an undesirable candidate for rehire. Contrary to plaintiff's contention that CHMC's seemingly contradictory statements are evidence of bad faith, the record indicates that CHMC and its employees were simply trying to be charitable in evaluating plaintiff's performance as "OK."

■ Similarly, it is undisputed that plaintiff had personal difficulties with several CHMC employees. Indeed one disagreement escalated into a fist fight. The record entirely supports the existence of "personality conflicts" between plaintiff and his co-workers. Moreover, the statements made by CHMC and its employees that plaintiff was undesirable for rehire and had personality conflicts with co-workers are both non-actionable statements of opinion. *See Myers v. Plan Takoma, Inc., supra; Ollman v. Evans, supra.*

■ Finally, the Court turns to the Motion for Summary Judgment of Defendant Equifax. As discussed above, all of the alleged defamatory statements published in the Equifax report are subject to the qualified privilege. In order to overcome the privilege, the plaintiff must demonstrate malice, which can be inferred by showing that Equifax acted "either with knowledge that the statements are false or with a reckless disregard for their truth." *Altimont*, 374 A.2d at 291. Plaintiff has not produced any evidence that Equifax published its report with malice of any kind, and indeed the evidence is to the contrary. Equifax's reporter did not even know plaintiff. Thus, Equifax's qualified privilege is a complete defense to plaintiff's charges of libel and slander per se.

■ Plaintiff also contends that Equifax, a consumer reporting agency, failed to follow reasonable procedures as required by the Fair Credit Reporting Act, ("FCRA") 15 U.S.C. § 1681 *et seq.* The FCRA re-

quires that reporting agencies adopt "reasonable procedures to assure maximum possible accuracy ..." 15 U.S.C. § 1681e(b); *Koropoulos v. Credit Bureau, Inc.*, 734 F.2d 37, 42 (D.C.Cir.1984). The allegedly defamatory statements were accurately reported, however, and plaintiff has been unable to introduce any evidence to dispute their substance. Because the information contained in the report was accurate and not defamatory, plaintiff has failed as a matter of law to make out a claim under the FCRA.

Accordingly, the Court finds that there are no genuine issues of material fact and that all of the defendants are entitled to summary judgment as a matter of law as to each of the causes of action.